## Strohm's Estate.

*W. R. Johnston,* for petitioner; *J. P. McKeehan,* for respondent.

BIDDLE, P. J., Jan. 14, 1930.—On Jan. 21, 1929, Clarence O. Strohm, administrator of the estate of Margaret Strohm, deceased, presented a petition, setting out, *inter alia,* that the decedent, a resident of this county, died in October, 1928, intestate, and that letters of administration on her estate were duly granted to him by the register of wills of this county; that his intestate had, at the time of her death, an account with the Market Street Title and Trust Company, a Pennsylvania corporation, whose principal place of business is in the City of Philadelphia, in which account, at the time of her death, she had a balance of some $3500; that the petitioner, having furnished to said title and trust company a certificate showing his authority as administrator, had demanded payment of the said balance to him, and that the said title and trust company had refused to make such payment, alleging that the said funds were held by the decedent in trust, and that it was the intention of the Market Street Title and Trust Company to make payment thereof to the persons beneficially interested. He prayed for a citation, directed to the Market Street Title and Trust Company, to show cause why it should not be required to pay the entire fund in its hands to him as administrator of the said decedent. And on said date a citation was awarded as prayed for, and thereafter the citation was served upon the comptroller of the said title and trust company. Some time thereafter, the title and trust company presented a petition setting out said facts, setting up new matter which it averred justified its refusal to make the payment to the administrator of the decedent, and asked

for a rule to show cause why *service* of the citation should not be set aside. A rule to show cause was granted as prayed for, to which an answer was filed, and after argument thereon the court dismissed the rule, holding that the petition as presented raised merely the question of the jurisdiction of the person of the respondent, and that no valid ground for holding the service insufficient had been advanced. The dismissal, however, was expressly stated to be without prejudice to the right of the Market Street Title and Trust Company thereafter to raise the question of jurisdiction of the subject-matter if it desired to do so.

On July 9, 1929, the title and trust company presented its petition, setting out the presentation of the original petition by C. O. Strohm, administrator, the granting of the citation upon the title and trust company, the service thereof, and averring that the title and trust company was advised that this court had no jurisdiction of the subject-matter; and prayed the court that a rule should be entered on C. O. Strohm, administrator, to show cause why the proceeding instituted by him should not be dismissed for want of jurisdiction. And on the same date a rule to show cause was granted as prayed for, to which an answer was filed by the administrator, which set out the former proceeding and the disposition thereof made by this court, averring that the appearance for the title and trust company constituted a general appearance, so that the court had jurisdiction of it; averring that the court had jurisdiction of the subject-matter, and praying the court to discharge the pending rule. The matter comes before us in this shape for disposition.

When the former rule was before us we did not pass upon the question of this court's jurisdiction over the subject-matter, but we intimated that we had grave doubt of this, and the decree that then was made was drawn in order to permit the raising of this question in the proper manner; and, as we view it, that is the only question here involved, and all that we are now to consider are the facts set out in the original petition of the administrator. Briefly, these amount to an averment that the decedent had on deposit with the title and trust company at the time of her death the sum of approximately $3500; that a demand for this had been made by the administrator, and that payment had been refused by the title and trust company; and the petition of the title and trust company to dismiss the proceeding is an admission of the existence of all of these facts, coupled with the averment that this does not give the court jurisdiction over it in the present proceeding. As is well and clearly set out by the learned counsel for the administrator in the brief which he has submitted in the present proceeding, "the last petition does not even refer to the fact that the petitioner had filed an earlier petition, much less does it embody the facts alleged in such petition by reference. This court may accordingly consider its jurisdiction as if the form of the deposit had been in the name of Margaret Strohm, individually, and on the assumption that no one other than her personal representative has any standing to claim or has made any claim to the fund. It must be assumed to belong to the estate of Margaret Strohm." With this summing up of the effect of the pleadings we find ourselves in entire accord. But we cannot agree with the succeeding statement in the brief that "Once this assumption, the jurisdiction of this court is clear." On the contrary, we think that once this is assumed, the fact that this court has no jurisdiction of the subject-matter becomes perfectly clear, because then it appears that the whole proceeding is an effort by a creditor, who happens to be the administrator of the decedent, to recover from a debtor the amount owing by that debtor to the decedent in her lifetime. Under the facts as summed up by the learned counsel for the adminis-

trator, there is no dispute of fact whatever, and as to the existence of a debt and as to the right of the administrator to recover there is no dispute whatever. The only dispute is whether the recovery of an admitted debt due to a decedent should be attempted in the first instance in the Orphans' Court or Court of Common Pleas; and, as we understand the rulings of the appellate court, they are uniform in holding that jurisdiction is in the Common Pleas and not in the Orphans' Court: Appeal of the Harrisburg National Bank, 84 Pa. 380; Cutler's Estate, 225 Pa. 167; Cutter's Estate, 286 Pa. 505.

We think that none of the cases cited in the brief submitted by the learned counsel for the administrator are really in any manner in conflict with this view; but an examination of them will show that, in every instance, the effort was not merely to recover from a debtor the amount of his indebtedness to the decedent, but to have determined the right of the administrator to *evidence* of indebtedness or to establish a condition upon which it might thereafter endeavor to recover the amount of the debt in the proper forum, to wit, the Court of Common Pleas. Such a distinction clearly appears, we think, in practically all of the cases cited.

While it is not at all a controlling element, certainly the sweeping change in procedure that would result from here sustaining the contention of the administrator is an element to be considered in passing upon the question before us. The relationship between the decedent and the title and trust company was that of debtor and creditor. According to the averments of the administrator's petition, the title and trust company is a corporation having its principal place of business in the City of Philadelphia; it is not in the County of Cumberland; there is no averment that any property of the title and trust company is in this county nor that any portion of its business is carried on here; and, in the absence of such facts, ordinarily that company could only be sued in Philadelphia County: Park Bros. & Co. *v.* Oil City Boiler Works, 204 Pa. 453.

If by a proceeding of this kind in the Orphans' Court it could be compelled to come into Cumberland County and have all disputed questions of fact between it and the administrator passed upon in the Court of Common Pleas of this county, it is manifest that it would be subject to very considerable additional expense and inconvenience, while the proceeding would be equally convenient for the administrator; and one might easily imagine a case where a decedent left an estate consisting of promissory notes against debtors situated in the other sixty-six counties of the State, all of whom might by a proceeding of this sort be compelled, at the option of the administrator, to come into this county to have their disputes passed upon instead of being allowed to stay in their own domicile and having the administrator start whatever actions were necessary against them in the counties of their residence. We cannot think that the Legislature could have intended such a sweeping change in procedure as this by the codification of the laws relating to fiduciaries, even if some additional expressions and powers appear in the codification which did not exist before. But, as we have said, while this is an element certainly entitled to consideration, it is not the controlling element, which, in our opinion, is that where, as here, the only matter involved is the question of the recovery from a debtor by the representative of the estate, the proper forum is the Court of Common Pleas and not the Orphans' Court.

And now, Jan. 14, 1930, the rule to show cause why the pending proceeding should not be dismissed is made absolute, at the cost of the Estate of Margaret Strohm, deceased.

From Francis B. Sellers, Carlisle, Pa.