| 57 | 43 |
|---|---|
| 215 | 171 |

# Shindel's Appeal.—Masser's Estate.

1. An executor filed two accounts, which were severally confirmed absolutely; on exceptions to a third account he was properly charged with money received before the confirmation of the two previous accounts and not accounted for.

2. Rhodes's Appeal, 3 Wright 186, explained.

January 31st 1868. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. STRONG, J., at Nisi Prius.

Appeal from the decree of the Orphans' Court of *Northumber-*

*land county* in the matter of the estate of Henry Masser, deceased, to October Term 1867.

Letters testamentary were granted on the estate of Henry Masser, deceased, on the 25th day of July 1853, to Peter B. Masser and others, the executors named in the will.

Peter B. Masser filed a partial account, November 29th 1856, which was confirmed absolutely, April 8th 1857, showing a balance of $1923.96 due the estate. He filed a second partial account, March 23d 1861, which was confirmed absolutely November 6th of the same year, showing a balance of $600.09 due the estate. The balance on the first account was not carried into the second, nor was any reference made to it. He filed a third and last account, December 8th 1865, showing a balance of $3483.51 due the estate. Neither of the former balances were carried into this account, nor was any reference made in it to the former accounts.

Exceptions were filed to the last account, and the exceptions treated all the accounts as one. The account and exceptions were referred to J. B. Boyer, Esq., as auditor.

The auditor found, amongst other things, that the accountant had, on the 29th of March 1856, received from J. J. Herman, $59.19 due the estate, which he had not accounted for; he therefore charged him with that amount, and interest to the time of filing his last account, amounting in the whole to $93.59 :—Also, that the accountant had, on the 3d of May 1859, received $415, the amount of a judgment in favor of the estate against William Hoover, which had not been accounted for; he charged him with this amount and interest to the same time, making in the whole $578.92.

The auditor sustained other exceptions also, and reported a balance of $8456.62 against the accountant.

Upon exceptions to his report, it was sustained, except the two items of $93.59 and $578.92, which were disallowed by the Orphans' Court, Jordan, P. J., saying : " We think the auditor erred in charging the executor with the sum of $578.92 received by him, on the judgment against William Hoover. This sum was received on the 3d of May 1859, before the filing of the account, and that account was not excepted to, and was confirmed absolutely. This item must be rejected. That it was received cannot be doubted, but it was the duty of those interested in the estate to examine it, and if erroneous, to except to it. Having omitted to do so, the confirmation absolute cannot be disturbed. For the same reason, the auditor erred in charging the executor with the sum of $93.59 received from J. J. Herman. $59.19 was received of the executor on this judgment on the 29th of March 1856, and the auditor charged interest on that sum from the time

it was received to the 8th of December 1856. This was received by the executor before the filing of the first account."

The court, therefore, deducted $672.42 from the balance found by the auditor, and with that alteration confirmed the report.

Elizabeth Shindel and J. B. Masser appealed, and assigned for error, that the court deducted the sum of $672.42 from the balance found by the auditor.

*S. P. Wolverton*, for appellants, cited Rhoads' Appeal, 3 Wright 186 ; Herr's Estate, 1 Grant 272.

*J. W. Comley*, for appellee.

The opinion of the court was delivered, February 6th 1868, by

THOMPSON, C. J.—Rhoads' Appeal, 3 Wright 186, decided no more than that what are known as partial accounts of administrators and executors, when confirmed absolutely, are final in regard to all that they contain. We took some pains to prove that this was the law on the subject in that case. Previously, the practice had been to admit exceptions, when a final account was filed, to it, or to any precedent partial account. The argument on that case brought us clearly to the conclusion that the law was otherwise, and so we held and affirmed what had been done below. The scope of that decision was to give conclusiveness to what was contained in any account finally confirmed, and not to affect what was neither known, perhaps, or settled. The settlement and confirmation of a partial account presupposes a final account to be presented at some time or other, and it also presupposes that everything not in previous accounts is in that, and if not, that parties interested may except to the account for the reason that it is not, and show, if they can, that it ought to be in. The objection to the allowance of the two items, as found by the auditor to be a charge against the executor of Henry Masser, deceased, was simply that they had their existence anterior to the filing the first partial account by the executor. That being a partial account, did not purport to be a perfect and full account, even up to the time of settlement, and there is no law which makes it so. All we have ever held is, that a partial account finally confirmed, and unappealed from, is conclusive of what it contains, and not of what is reserved for a future account. If this were not so, I do not see how partial distribution could ever be made, as it would be always in danger of being disturbed on final settlement. We think the auditor's report should have been confirmed, and the decree of the Orphans' Court is reversed, with directions to reinstate the sum of $642.72 deducted from the finding of the auditor ; costs of the appeal to be paid by the appellee, and the record is remitted to the court below to amend their decree in this particular.

SHARSWOOD, J., dissented.