# McLellan's Appeal.　[No. 1.]

1. A partial account of an executor, guardian or other trustee in the Orphans' Court is conclusive as to what it contains, unless appealed from or changed on a bill of review.

2. Such account is not conclusive as to any item omitted by the accountant which he has received or ought to have received.

3. Whatever either of debit or credit has thus been omitted, can be settled in the final account.

4. The same rule applies in the Court of Common Pleas, as to trustees' accounts, as in the Orphans' Court.

5. An examination and restatement of two partial accounts by auditors appointed on a third account, under the circumstances in this case, held to be correct.

May 12th 1874. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Appeal from the Court of Common Pleas of *Franklin county:* No. 49, to May Term 1874.

This appeal was by William McLellan, assignee for the benefit of creditors of the Chambersburg Saving Fund Association, from the decree of the court below confirming the report of the auditors on his account as assignee.

The facts in the case, the findings of the auditors, &c., and the decree of the court, are all contained in the Chambersburg Saving Fund Association's Appeal, the case immediately preceding this.

The appellant assigned thirteen errors, of which eleven related to the conclusiveness of his first and second accounts, they having been before submitted to an auditor and confirmed by the court.

*J. McD. Sharpe* and *A. K. McClure,* for the appellant.—By the Act of October 13th 1840, sect. 1, Pamph. L. 1, 2 Br. Purd. 1100, pl. 49, the confirmation of a partial account in the Orphans'

[McLellan's Appeal.]

Court is final: Rhoads's Appeal, 3 Wright 186 ; Shaffer's Appeal, 10 Id. 134; Shindel's Appeal, 7 P. F. Smith 43; Leslie's Appeal, 13 Id. 355. By Act of June 14th 1836, sect. 33, Pamph. L. 635, 2 Br. Purd. 1419, pl. 33, the Court of Common Pleas have the same authority to enforce execution of their decrees, &c., as the Orphans' Court. And by 36th sect. of same act, a party aggrieved by a definitive decree in the Common Pleas may appeal to the Supreme Court in one year: Id., p. 1420, pl. 36. In the Orphans' Court the mode of procedure is the same, except that three years are allowed for the appeal: Act of March 29th 1832, sect. 59, Pamph. L. 213, 2 Br. Purd. 1110, pl. 50

*H. Gehr* and *W. Mac Veagh* (with whom were *G. W. Brewer* and *Kennedy & Stewart*), for the appellees.

Mr. Justice MERCUR delivered the opinion of the court, July 2d 1874.

The first eleven assignments of error raise the question of the conclusivenesss of the first and second accounts of the appellant. They had previously been confirmed by the court. A partial account of an executor, administrator, guardian or trustee, confirmed by the Orphans' Court, is conclusive, unless duly appealed from or changed on bill of review: Irwin's Appeal, 11 Casey 297 ; Rhoads's Appeal, 3 Wright 186. But it is only conclusive of what it contains: Shindel's Appeal, 7 P. F. Smith 43. It is not conclusive of any item which the accountant had received, or ought to have received, and has omitted to charge himself with, either through mistake or fraud, so that it was not settled. Whatever has thus been omitted from any previous account, whether debit or credit, so that it was not considered or passed upon, can be settled in the final one.

We see no good reason why the same conclusive effect shall not be given to a decree of the Common Pleas, confirming the partial account of a trustee. The mode of settling his account in the Common Pleas is substantially the same. The 31st section of the Act of 14th of June 1836, Purd. Dig. 1419, pl. 31, authorizes the reference of it to an auditor or auditors, to adjust and report. The 33d section of the same act declares that in cases of trusts the several Courts of Common Pleas shall have the same powers and authorities to compel obedience to their orders and decrees and enforce execution thereof, as are by law vested in and provided for by the several Orphans' Courts of this Commonwealth. The 36th section authorizes an appeal from a definitive decree of the Common Pleas in substantially the same language as an appeal is given from a decree of the Orphans' Court, except that the appeal in cases relating to assignees or trustees for the benefit of creditors,

shall be entered within one year after the decree, instead of three years.

To the first account of the appellant no exceptions were filed. The reference to an auditor was for the sole purpose of distributing among creditors the money which he then reported to be in his hands.

To the second account a creditor excepted, on the ground that the accountant had failed to collect and charge himself with a certain judgment.

The attorney for the estate of one of the deceased stockholders also excepted, for that

"1. The accountant has not charged himself with all the moneys that have or should have come into his hands.

"2. He has not charged himself with any interest.

"3. The allowance claimed is too high."

An auditor was appointed to examine and report upon the exceptions; to restate the account, ascertain balances due creditors, and report distribution.

On the creditor's exception the auditor reported "that the judgment in question constituted no portion of the assets which the association assigned for the benefit of creditors, and the accountant, as assignee, was not bound to collect it, and was charged with no duty in respect thereto."

On the exceptions on behalf of the estate of the deceased stockholder, he reported, "no evidence of any kind has been produced before the auditor to show that the accountant has failed to charge himself with any moneys actually received prior to the filing of his account, or that there were at any time any other available assets with which he ought to have charged himself."

After conceding there were some other assets not then available, and with which he says the accountant should therefore not then be charged, he further declares, "the account before the auditor is not a final one, and should it hereafter be made to appear that any moneys have been or ought to have been realized by the assignee from the outstanding debts due the association, the exceptants will have their day in court to call the accountant to an account of such moneys. For these reasons the auditor overrules the first exception." He overruled the second exception because the account did not show any balance in the hands of the assignee to form the basis of an interest calculation; and the third exception as without merit. He closed his report by saying that he discovered no error in the account; and "as there is no fund in the hands of the assignee for distribution, he has nothing to distribute," and sees no good purpose in ascertaining the balances then due creditors. The report was confirmed by the court.

The third account of the appellant, being the one now under consideration, was filed in obedience to an order of the court,

[McLellan's Appeal.]

which also directed notice to be given to all the stockholders of the appellee to come into court and file exceptions to the account, or be for ever barred. Thereupon the appellees filed numerous exceptions, and the court referred them to auditors to examine, and to state an account.

It is claimed by the appellant that the auditors disregarded the former accounts, and also the principle of distribution therein directed, and virtually gave no effect to their conclusiveness. This fact is denied by the appellees.

We have found it extremely difficult to ascertain clearly whether the auditors had so far reviewed any item contained in either of the former accounts as to come in conflict with the rule of law as we have stated it. After a careful examination we cannot discover that they have. They distinctly say, "they have altered or diminished no item" of the first account, but merely transferred some items of the second account to their chronological place beside items in the first account. They say further, that to some extent they have assumed and exercised the right to scrutinize and review the former accounts. The peculiar features of the case not only made this excusable, but necessary. In the confirmation of the first account payments had been decreed to the appellant on certain obligations purchased by him with other moneys which he held in trust for the appellees. In that distribution as to those claims he was treated as a creditor of the appellees, although in fact he continued to hold the proceeds in trust for them. Hence, in considering this third account, the auditors say, this "is the case of a trustee who was not content or permitted to exhaust first the assets and then assess the partners, keeping the two works distinct, but who simultaneously attempted both; who cast the moneys derived from each source into a common fund, and paid them out thus confused and intermingled."

No question of interest had been passed upon or considered in either of the former accounts. This was the first time any attempt had been made to state an account between the appellant and the appellees. The former accounts had relation to the share of creditors in the fund to be distributed. In addition to the money which the appellant had received as assignee proper, he had also received a further sum, exceeding $30,000. Most of the items contained in the second account were without date. An inspection of it failed to show the several times when the money was received or paid out. It showed no sufficient data to enable an interest account to be made. These omissions, as well as other acts of the appellant, made a review of his whole management proper. It was necessary to consider what had been put in the former accounts as well as what had been left out, and to fix dates which had been wholly omitted. In so doing there was no error. It is true the result thus arrived at shows the true position of the

[McLellan's Appeal.]

appellant to have been different at the several times the former accounts were filed than is therein indicated, but that results from his omission to have charged himself with interest and some other items at the proper times.

We are unable to discover sufficient evidence to convict the court of error in confirming this portion of the report. The remaining assignments have no merit, and the appeal must be dismissed. If any injustice has been done to the appellant, which we are unable to discover, it arises from the irregular and unsatisfactory manner in which he has kept his account.

Appeal dismissed at the costs of the appellant.