## APPEAL OF SALLIE E. SCHAEFFER.
### [ESTATE OF SIMON P. GULDIN, DECEASED.]

APPEAL FROM THE DECREE OF THE ORPHANS' COURT OF BERKS COUNTY.

Argued March 2, 1888—Decided April 16, 1888.

1. The confirmation absolute of an administration account is a final decree, and, if unappealed from, is conclusive as to all matters therein contained.

2. Under the act of February 24, 1834, P. L. 84, distribution may be made by accountants, at their own risk: § 58; or, under the direction of the Orphans' Court, after deducting all known demands, upon the filing of approved refunding bonds by the distributees: §§ 39, 41.

3. Where distribution is made by order of the Orphans' Court, after security is taken as provided by the act, § 41, notice to creditors is not required and accountants are not liable for the assets so paid or distributed, in respect to any claim or demand upon the decedent not previously made known to them: § 57.

4. Wherefore, after such distribution of a balance determined by a confirmation absolute undisturbed by appeal, the refunding bonds take the place of the fund distributed, and to these bonds, or to a residue of the estate unaccounted for, creditors must resort for payment.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and CLARK, JJ.; TRUNKEY and WILLIAMS, JJ., absent.

No. 353 January Term 1887, Sup. Ct.

On October 10, 1881, Sallie E. Guldin, afterwards Sallie E. Schaeffer, administratrix of the estate of Simon P. Guldin, of Oley township, deceased, filed her third partial account show-

ing a balance of $257.80 due the estate. This account was confirmed nisi by the Orphans' Court on November 26, 1881, and on December 24, 1881, the confirmation was made absolute. Among the credits taken was an item of interest paid on a note held by Wm. L. Rhoads, and another, of interest paid on certain notes held by Adam Rhoads.

On September 14, 1882, the accountant filed a fourth account, showing, after credits claimed for register's, clerk's and attorney's fees, and compensation to accountant, a balance due the estate of $1,065.42. This account was confirmed nisi by the Orphans' Court on October 21, 1882. On November 25, 1882, the confirmation was made absolute, and on November 27, 1882, the court, HAGENMAN, P. J., decreed the payment of the fees and allowance referred to and on January 20, 1883, made a further decree distributing said balance of $1,065.42 to the heirs of the decedent, directing the distributees to file refunding bonds according to law. The distributees having filed refunding bonds which were approved by the court, in accordance with § 41, act of February 24, 1834, P. L. 81, they were paid by the administratrix their several portions of said balance.

The proceedings recited were under the old law.

On September 7, 1885, a separate Orphans' Court having been established, on motion of Adam Rhoads and William L. Rhoads, as creditors, said third and fourth accounts were called for audit, and the adjudication adjourned from time to time until October 10, 1885. In the final adjudication on that date the Orphans' Court, SCHWARTZ, P. J., found as a balance due to Adam Rhoads, $562.47, and as a balance due to William Rhoads, $286.90, and, taxing the costs of adjudication, proceeded:

It was contended at the hearing of this case by accountant, that the balance due the estate as shown by the fourth account was decreed by the court to the heirs. It is true Judge Hagenman signed an ex parte decree making such a distribution. This decree, however, has no validity or binding effect upon the rights of creditors. The court have no power to make distribution of the fund without notice to the creditors, who are first entitled before distribution can be made to heirs and legatees. In this case no such notice was given and the

creditors never had their day in court. They are therefore not concluded by the decree above referred to.

It was further contended however that the decree of the court making distribution to the heirs was made with the knowledge and assent of the attorney representing the creditors. This allegation was not sustained by proof. It was the duty of the attorney who represented the creditors to take care of their interests. Why should he then consent to the distribution of the funds to the heirs, before the claims of the creditors, his own clients, were satisfied? If this fact had been established by testimony it would have been a fraud upon the creditors, and it would have been the duty of the court to set aside the decree distributing the funds to the heirs. Upon neither of the grounds relied on by the accountant should this decree be sustained.

The fund is therefore distributed to the creditors as appears by the schedule of distribution hereto annexed.

To Adam Rhoads . . . . . . . . . . . . . $562.47
To Williams Rhoads . . . . . . . . . . . 286.90

The balance in accountant's hands will not be distributed at this time. Accounts, statements, and notes of proceedings are hereto attached.

It is ordered and decreed that Sallie E. Schaeffer, administratrix as. aforesaid, do pay said fees, costs, and distribution made, to the parties respectively entitled thereto. It is further ordered and decreed that the foregoing adjudication and distribution be confirmed nisi.

To this entire adjudication, as erroneous, Sallie E. Schaeffer as administratrix and heir at law, filed exceptions, which exceptions were overruled by the court on February 8, 1886, and the adjudication confirmed. Thereupon the exceptant took this appeal assigning by specific assignments the adjudication and confirmation as error.

*Mr. D. E. Schroeder*, for the appellant:

1. The third and fourth accounts were partial accounts. Instead of forming an integrant part of one whole, each is a distinct member of a series of accounts, standing by itself. The confirmation absolute of each of them was the final and

conclusive decree of what was therein contained: Rhoads's App., 39 Pa. 189; Shindel's App., 57 Pa. 45.

2. Section 39, act of February 24, 1834, P. L. 81, authorizes administrators to make partial distributions under the directions of the Orphans' Court. Section 41 of the same act directs the giving of refunding bonds to be approved by the court; then distribution is to be made after deducting from the assets the aggregate amount of known demands against the estate. Having jurisdiction, the Orphans' Court was bound to decree distribution on petition of any one interested: Purviance v. Commonwealth, 17 S. & R. 31: Patterson v. Nichol, 6 W. 382.

3. When a final administration account has been confirmed, the remedy for omissions and mistakes is by a petition for a review in the court below, and not by a citation to the administrator: Downing's Est., 5 W. 90; Weiting v. Nissley, 6 Pa. 141. An appeal from the definitive decree could have been entered within three years, under § 59, act of March 29, 1832, P. L. 213, when all matters could have been properly adjudicated. Having neglected their proper remedies, the creditors, if any, must now look to the refunding bonds.

*Mr. A. G. Green*, for the appellees:
Argued orally, but filed no brief.

OPINION, MR. JUSTICE CLARK:

The confirmation of the third account of Sallie E. Schaeffer, administratrix of the estate of Simon P. Guldin, deceased, became absolute on the 24th December, 1881, and exhibited a balance of $257.80 in the accountant's hands; whilst the fourth account became absolute on the 25th November, 1882, and exhibited a further balance of $1,065.42 in her hands. The confirmation in each case was a final decree, and if unappealed from was conclusive as to all matters contained in these respective accounts: Shindel's Appeal, 57 Pa. 45.

On the 20th January, 1883, the Orphans' Court, pursuant to the 39th section of the act of 24th February, 1834, P. L. 80, entered a decree of distribution of the balance in the accountant's hands, as exhibited in her fourth account, directing the distributees named to give refunding bonds, as required by the

41st section of the same act. It is stated in the appellant's paper book and the appellees make no denial of the fact, that at the time of making this decree it was believed that the balance on the third account was sufficient to pay all the known debts or demands against the estate remaining unsatisfied, and this balance having been deducted from the aggregate funds in the accountant's hands, the residue being the balance on the fourth account, appeared to be due to the distributees. Simon P. Guldin had died in 1874, and this account was filed in 1882; full eight years had intervened, during which period creditors would be presumed to have made known their claims. Refunding bonds were thereupon duly executed, were approved by the court, and filed, as required by law, and the money was paid out pursuant to the decree. In this state of the case, it is difficult to see upon what principle of the law the accountant can, in this form of proceeding, be held to pay these moneys a second time.

Distribution may be made, under the act of 24th February, 1834, P. L. 80, by administrators or executors at their own risk: § 58; or, under the direction of the Orphans' Court, after deducting all known demands, § 39, upon the distributees filing refunding bonds, § 41, and, where security is taken as provided by the act, executors and administrators "are not liable for the assets so paid or distributed in respect to any claim or demand upon the decedent not previously made known to them": § 57. Notice to creditors in this form of distribution is not required. So, also, distribution may be made by auditors duly appointed by the court, of the estates of decedents, among creditors, where the assets are insufficient to pay the debts, under the act of 29th March, 1832, § 19, P. L. 194; and among heirs, legatees, or other persons entitled, under the act of 13th April, 1840, § 1, P. L. 319. In this form of distribution, notice to creditors and all other persons in interest being provided for, refunding bonds are not required.

There can be no question, therefore, as to the power of the court to direct this distribution. The power is expressly conferred in the act of 1834, and the court having assumed the jurisdiction and entered a decree, all things will be presumed to have been rightly and regularly done. If, therefore, the money in the accountant's hands has been paid out and ap-

plied in obedience to the decree of a court of competent jurisdiction, the executrix, in the absence of any fraud or unfairness, certainly cannot be required to pay it again. The refunding bonds filed in the Orphans' Court took the place of the money in the accountant's hands, and to these bonds, or to the residue of the estate yet to be accounted for, these creditors must resort for payment of their demands.

> The decree of the Orphans' Court is reversed, and the record remitted for further proceedings in accordance with this opinion, and it is ordered that the appellees, Adam Rhoads and William L. Rhoads, pay the costs of this appeal.