## Estate of Samuel Galloway.    Appeal of Anna M. Galloway.

*Decedent's estate—Conclusiveness of executor's partial account.*

When regularly submitted, passed upon and confirmed, a partial account is final and conclusive as to all matters properly included in it, and it is an adjudication of all things embraced in it, with like effect as if it were a final account.

*Omission of particular items, not subject of exception.*

Distinct items, however, omitted from a partial account cannot be brought up for consideration by exceptions alleging their erroneous exclusion.

*Costs—Adjustment of, partially successful exceptions.*

Where certain exceptions which greatly increase the cost of an audit are dismissed, the orphans' court will be sustained in apportioning the costs against the exceptants.

*Practice, Superior Court—Defective assignments.*

Assignments are defective and violate Rule XV., when they embrace more than one question.

Argued April 21, 1897. Appeal, No. 166, April Term, 1897, by Anna M. Galloway, from decree of O. C. Fayette Co., March T., 1894, No. 43, dismissing exceptions to auditor's report and decreeing distribution. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Exceptions to auditor's report. Before EWING, P. J.

It appeared from the record that decedent died April 21, 1891. On January 29, 1894, the accountant, in response to a citation, filed a partial account and filed an inventory of the personal property on January 17. Anna M. Galloway filed four exceptions to this account she seeking to surcharge the accountant with sundry items, amounting in all to $319.50. The auditor rejected all the items excepting one for $23.00, dividing the costs, placing three fifths of them on the exceptants and two fifths on the accountant.

The court below dismissed the exceptions and confirmed the report of the auditor.

*Errors assigned* were (1) in confirming the auditor's report. (2) In not deciding that the accountant was not entitled to commissions. (3, 6) In not surcharging the accountant with sundry items cited in said exceptions. (7) In not putting the entire costs on the accountant. (8) In not restating the account in conformity with the exceptions.

*Edward Campbell*, for appellant.—It is the practice to charge the administrator with everything for which he would eventually be bound: Beckley's Appeal, 3 Pa. 425.

The account having been wrongly kept by the administrator, such conduct deprives him of his commissions and renders him liable for costs: Geiger's Appeal, 24 W. N. C. 264; Norris's Appeal, 71 Pa. 106.

*W. C. McKean*, for appellee. — The settlement and confirmation of a partial account presupposes a final account to be presented at some time or other.  It also presupposes that everything not in previous accounts is in that, and if not, that parties interested may except to the account for the reason that it is not, and show, if they can, that it ought to be in.  A partial account does not purport to be a perfect and full account : Shindel's Appeal, 57 Pa. 43 ; Shipe's Appeal, 114 Pa. 205.

OPINION BY SMITH, J., July 23, 1897 :

A partial account of an executor or administrator is not the mere inconclusive memoranda of the business transacted by the accountant.  When regularly submitted, passed upon and confirmed by the orphans' court, a partial account is final and conclusive with respect to all matters properly included in it, and its confirmation is an adjudication of all things embraced in it, with like effect as if it were a final account : Rhoads's Appeal, 39 Pa. 186 ; Shindel's Appeal, 57 Pa. 43 ; Appeal of Foss and Loomis, 105 Pa. 258 ; Schaeffer's Appeal, 119 Pa. 640.  A partial account is only conclusive, however, of what it contains ; matters not embraced in it cannot be passed upon by the orphans' court.  " A partial account does not purport to be a perfect and full account even up to the time of settlement, and there is no law which makes it so : " Shindel's Appeal, supra.  It presupposes that a final account will be rendered which will contain everything omitted from previous accounts, and to which interested parties may except for any omission.  But distinct items omitted from a partial account cannot be brought up for consideration by exceptions alleging their erroneous exclusion.  The right to file a partial account implies the correlative right to exclude a part.  Exceptions properly refer to the contents of an account and not to extraneous subjects.  A final account purports to be a full and true statement of everything which should be accounted for, including items not comprised in previous accounts, and therefore it may be shown, as ground of exception, that certain things have been erroneously omitted.

The controversy in the present case arises over a partial account of the executor of the will of Samuel Galloway.  The third and sixth assignments of error are based in part on the

exceptions to the account alleging that items are omitted for which the executors should have accounted. As we have seen, he cannot thus be compelled to answer for matters not included in his partial account. The Blythe note and the watch referred to in these assignments are not charged in the inventory or referred to in the account, and therefore the executor cannot be surcharged with them in this proceeding. These assignments violate Rule 15 of this court in that they embrace more than one question. The rule applies to all matters mentioned in it, without regard to the value or character of the subject; it requires that each error be assigned particularly and by itself, and that an assignment embrace no more than one point or question.

The objection to the findings of the auditor contained in the third, fourth, fifth and sixth assignments of error raise questions of fact under the evidence. There was sufficient evidence to justify the conclusions arrived at by the auditor and these were concurred in by the court below. After a full examination of the testimony, we find no reason for disturbing the decision. No sufficient cause has been shown for depriving the executor of compensation for his services. In view of the fact that there was no legal warrant for the contention of the appellant that the executor should be surcharged with items not comprised in his partial account, and as the auditor has found that the exceptions in support of this contention have greatly increased the cost of the audit, we think the division of the costs was entirely proper and should remain as imposed by the orphans' court. The first assignment: "That the court erred in confirming the auditor's report," is useless and will be disregarded: Bull's Appeal, 24 Pa. 286.

In appeals from decrees of the orphans' court, where there is sufficient competent testimony to sustain the findings of the auditor and his report is confirmed by that court, an appellate court will not reverse unless manifest error appears: Sawtelle's Appeal, 84 Pa. 306.

Decree affirmed.