# Crouse's Estate.

*Executors and administrators—Negligence—Delay in filing account—Interest.*

Where an administrator has been negligent in the collection of a judgment, and has been guilty of unusual and culpable delay in filing his account, he is properly surcharged with interest on the balance in his hands.

*Executors and administrators—Partial and final accounts—Surcharge.*

An administrator may be surcharged with moneys that he should have received in the settlement of the estate at the audit of his account, which, although called a partial account, is in reality a final account covering the whole estate, except a judgment upon which nothing was likely to be collected.

Argued Nov. 23, 1900. Appeal, No. 201, Oct. T., 1900, by Walter P. Jackson, from decree of O. C. Chester Co., overruling exceptions to auditor's report in the Estate of William H. Crouse, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to report of William S. Windle, Esq., auditor.

From the auditor's report it appeared that when the decedent died in 1896, he held a judgment against William McQuigan, amounting with interest to $1,343.32. The administrator made no attempt to collect this judgment, although the evidence showed that a portion of it could have been collected. The

auditor accordingly surcharged the accountant with $650. The auditor found as a fact that if the accountant had exercised reasonable diligence, everything connected with the estate could have been satisfactorily disposed of by April 1, 1898. The account was not filed until December 11, 1899, and then only in obedience to a citation. The auditor accordingly surcharged the accountant with interest on the balance in his hands at the rate of five per cent. On exceptions the court held that the auditor erred in not charging interest at the rate of six per cent. The report was accordingly recommitted to the auditor for correction.

Exceptions to the auditor's supplemental report were dismissed by the court.

*Error assigned* was the decree of the court.

*J. Frank E. Hause,* for appellant.—A surcharge cannot be made on first account: Leslie's App., 63 Pa. 363; Robins's Est., 180 Pa. 635.

*William M. Hayes,* with him *J. Carroll Hayes,* for appellees.— The practice is to charge an administrator in his account with everything for which he would eventually be liable: Beckley's App., 3 Pa. 425.

Unless an account appears to be but a partial one, it will be held to be a final one : Bower's App., 2 Pa. 432; Chambers's App., 11 Pa. 436.

An administrator, after he has filed even a final account, may be called upon to file a supplemental account, if he has subsequently received additional assets : Shaffer's App., 46 Pa. 131; Herr's Estate, 1 Grant, 272.

In cases such as ours, where no good purpose would be subserved by turning the parties over to a proceeding for another account, the courts have not hesitated to act as the auditor and court below have done here: Riegel's App., 106 Pa. 437; 15 W. N. C. 56; In re Landis's Account, 1 Pearson, 401; Myer v. Myer, 187 Pa. 147.

The administrator was rightfully surcharged with interest on estate moneys from the time the account should have been filed: Fox v. Wilcocks, 1 Binney, 104; Light's App., 24 Pa. 180; Charlton's App., 34 Pa. 473.

OPINION BY BEAVER, J., January 22, 1901:

The first and second assignments of error relate to surcharges made by the auditor against the accountant: the first being $650 loss on the McGuigan judgment, and the second, interest as finally settled, $486.78. These surcharges were made after a careful hearing of all the facts by the auditor. The conclusions are based upon facts which would seem to sustain them. They have been approved by the court. We find no such error as would justify us in reversing the decree of the court below confirming the auditor's report. There is ground for the conclusion that the administrator was negligent in the discharge of his duties in reference to the collection of the Mc-Guigan judgment, and that there was unusual and culpable delay in filing his account and, therefore, interest on the balance in his hands was properly surcharged.

The only assignment of error argued by the appellant is the third, in which it is alleged that "the auditor erred as matter of law in attempting to surcharge the accountant with moneys that he received, the present account being but a first and partial account. It is true that it was a first account, but it embraced the entire estate, and the accountant charges himself with the entire amount of the inventory of personal property. The only unfinished business is the collection of the balance of the McGuigan judgment. It is admitted that the debtor is insolvent, and that nothing is likely to be collected upon it. As to this the auditor pertinently finds that "it was argued that, as the account filed was styled a partial account, the exceptions could not be considered, unless as to items embraced in the account, but the administrator admitted that the account disposes of everything but the obligation of McGuigan, and the evidence is that there is little prospect, if any, of realizing anything on it. Why then wait for another account with such uncertainty that there will be anything to go into it?" In Galloway's Estate, 5 Pa. Superior Ct. 272, we held that the administrator could not be compelled to answer for matters not included in his partial account, but these matters related to items of personal property which were not included in the inventory and for which he was not called to account. The case is entirely different from the one which we are now considering. Indeed, that case may be said to rule all the questions which are raised here. It

212, (1901).]                 Opinion of the Court.

is said there : "A partial account of an executor or administrator is not a mere inconclusive memoranda of the business transacted by the accountant.   When regularly submitted, passed upon and confirmed by the orphans' court, a partial account is final and conclusive with respect to all matters properly included in it, and its confirmation is an adjudication of all things embraced in it, with like effect as if it were a final account," the authorities for which are there fully quoted.

We see no reason for subjecting the decedent's estate to the expense of another account.  Everything is disposed of herein and, unless the administrator should succeed, contrary to his expectation and that of the auditor, in realizing anything further upon the McGuigan judgment, there will never be any necessity for another account.   The court below cannot be convicted of error in confirming the auditor's report, as amended, and the decree is, therefore, affirmed.