# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## Moore v. Bischoff, Appellant.

*Appeals—Paper-books—Assignments of error—Auditor's report—Exceptions.*

An appeal from an order overruling exceptions to an auditor's report will be quashed where the arrangement of the several matters prescribed by Rule 27 is not followed, where the exceptions are not printed totidem verbis under a separate head, and where the only assignment of error is that "the court erred in dismissing the exceptions filed to the report of the auditor, to wit," followed by numerous exceptions raising both questions of law and fact.

Argued Oct. 15, 1903. Appeal, No. 127, Oct. T., 1903, by Anna Bischoff, from order of C. P. No. 4, Phila. Co., June T., 1900, No. 385, dismissing exceptions to auditor's report, in case of J. Clarke Moore to use of Leon H. Folz v. Carl Bischoff et al. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Appeal quashed.

Exceptions to auditor's report.

The opinion of the Superior Court states the case.

*Error assigned* was quoted in the opinion of the Superior Court.

*P. A. Wildermuth,* for appellant.

*Stanley Folz,* with him *Leon H. Folz,* for appellee.

PER CURIAM, April 18, 1904 :

This is an appeal from a decree overruling exceptions to and confirming the report of an auditor appointed to distribute a fund produced by a sheriff's sale of personalty. It is urged by appellee's counsel that the appellant has not conformed to our rules and we are asked to dismiss the appeal upon that ground. The objection is well taken. Rule 27 provides that immediately following the auditor's report the exceptions thereto shall be printed, these to be followed by the decree, this by the assignments of error and these by the argument, in the order stated. Not only was this arrangement of the several matters referred to disregarded in the preparation of the appellant's paper-book but the exceptions are not printed totidem verbis under a separate head. It was neither a literal nor a substantial compliance with the rule to set forth the exceptions in the assignments of error. If this were the only irregularity we would not deem it of sufficient gravity to call for a quashing of the appeal; but as Chief Justice THOMPSON said with regard to a similar rule, " whatever is worth doing is worth doing well." But there is another objection urged by appellee's counsel which is of more importance. There is but a single assignment of error, which reads as follows : " The court erred in dismissing the exceptions filed to the report of the auditor, to wit." This is followed by what we infer to be the eighteen exceptions to the auditor's report, or the substance of them, some of which raise questions of law and others questions of fact. This mode of assigning errors is contrary to Rules 14 and 15: Galloway's Estate, 5 Pa. Superior Ct. 272 ; Bull's Appeal, 24 Pa. 286 ; Frank's Appeal, 59 Pa. 190, 194. This objection is not flimsy and captious, but substantial, and has been sustained in numerous cases besides those which we have cited. We sustain it here with less reluctance, because it is not apparent that any real injustice will result to the appellant from permitting the decree of the court below to stand which ought to constrain us to refuse to enforce our rules in this particular case.

Appeal dismissed at the cost of the appellant and the record remitted to the court below for the purpose of carrying out its decree.