# Catherwood *v.* Guarantee Trust & Safe Deposit Company, Appellant.

*Corporations—Deceased stockholders—Decedents' estates—Distribution of stock without order of court—Transfer to distributees —Mandamus—Act of February 24, 1834, P. L. 70.*

Where corporate stock passing under a will has been distributed to a legatee by the executor by delivery of the certificate duly endorsed, it is the duty of the transfer agent upon request to transfer the stock on the books of the company to such legatee, although the distribution has been made without order of court, and within a year after decedent's death, and although no refunding bond has been taken by the executor; the performance of this duty may be compelled by mandamus, if there is no allegation or proof that the executor is insolvent or that the transfer will prejudice creditors or legatees.

Argued Jan. 10, 1916. Appeal, No. 340, Jan. T., 1915, by respondent, from judgment of C. P. No. 2, Philadel-

phia Co., June T., 1915, No. 3192, awarding peremptory mandamus, in case of Emma R. Catherwood v. Guarantee Trust and Safe Deposit Company. Before BROWN, C. J. MESTREZAT, STEWART, FRAZER and WALLING, JJ. Affirmed.

Petition for mandamus.

The opinion of the Supreme Court states the facts.

The court overruled respondent's demurrer to the petition and awarded a peremptory mandamus commanding the respondent to transfer the stock to petitioner's name in accordance with the prayer of the petition. Respondent appealed.

*Error assigned* was in awarding the peremptory mandamus.

*John G. Johnson,* with him *Maurice Bower Saul,* for appellant.—The executor had no right to distribute the stock to a residuary legatee before the expiration of a year after decedent's death, without a refunding bond. As the transfer agent had notice that the executor was about to commit a breach of duty, it would have become a party to the transaction had it made the transfer as requested: Wood's App., 92 Pa. 379; Simpson's App., 109 Pa. 383; Schaeffer's App., 119 Pa. 640.

*Wm. F. Norris,* with him *M. Hampton Todd,* for appellee.—Under the Act of February 24, 1834, P. L. 73, Section 58, the executor was authorized to make distribution of the stock at his own risk and it was the duty of the transfer agent to transfer the stock on the company's books to the name of petitioner: Williams v. Penna. R. R. Co., 9 Philadelphia 298.

OPINION BY MR. JUSTICE WALLING, March 6, 1916:

This is a proceeding by mandamus to compel a transfer agent to deliver stock to a legatee.

Caroline Tucker of Philadelphia died testate May 21, 1915, and in her last will plaintiff is named as residuary legatee. Among the assets of Mrs. Tucker's estate, not specifically bequeathed, are ten shares of stock of the Frankford and Southwark Passenger Railway Company, of which defendant is the transfer agent, or holding company. As a distribution under said will the executor duly endorsed and delivered the certificates for such stock to plaintiff, by whom they were presented to defendant with a demand for a transfer thereof to her name, which was refused. Thereupon plaintiff presented her petition to the court below, praying for an alternative writ of mandamus to compel such transfer. Defendant demurred to the petition because it did not allege that all debts of said estate and legacies had been paid; and because a year had not elapsed since the decedent's death; and that such distribution was without an order of court or refunding bond, and at the risk of the executor and also of the defendant should it permit such transfer. The court made an order overruling the demurrer and directing that a peremptory mandamus issue, from which this appeal was taken.

There is no allegation that the executor is insolvent, or that such transfer will prejudice creditors or legatees, or that defendant has any notice to that effect. Under such circumstances it is its duty to make the transfer as requested. True, an executor or administrator cannot be compelled to make distribution within a year, and may require an order of court and refunding bond, but is not bound to do so: Section 58 of the Act of February 24, 1834, P. L. 70, provides:

"Executors and administrators may make distribution, and pay or deliver legacies without application as aforesaid, to the Orphans' Court, upon such security as may be satisfactory to them, nevertheless at their own risk."

Their right so to do is recognized by this court in Schaeffer's App., 119 Pa. 640.

The mere fact that an executor is doing what the statute says he may do at his own risk does not of itself convict him of a breach of trust or devastavit; and does not justify a holding company in refusing to transfer stock of an estate on his endorsement, in the absence of notice of other facts rendering such transfer improper. The legal title to the personal estate vests in the executor for the purposes of administration; and he has the prima facie right to make disposition thereof to a stranger or legatee. He is presumed to be solvent and acting within the line of his duty. Admittedly an executor can transfer stock to a stranger and thereby indirectly to a legatee, so the refusal of a holding company to make such transfer directly is of doubtful value to creditors and tends to embarrass the settlement of estates, and to place an unnecessary burden on transfer companies. In Williams v. Penna. R. R. Co., 9 Philadelphia 298, Justice SHARSWOOD says:

"The primary duty of an executor or administrator is administration. He is to pay debts and may use specific legacies for that purpose, if necessary. The corporation has no means of ascertaining whether it is needed for that purpose. To require evidence would greatly delay and embarrass the executor or administrator in the discharge of his duties. This is the doctrine of Bayard v. The Bank, (52 Pa. 232), and however it may be when distinct notice of a breach of trust is given to the corporation, in the absence of such notice, I am quite clear in the opinion that the corporation is bound to permit the transfer."

In Bohlen's Est., 75 Pa. 304, it is stated by Mr. Justice PAXSON, (page 313):

"It may therefore safely be assumed that where stock stands upon the books of a corporation in the name of a trustee, the said corporation is bound to inquire as to the authority of the trustee to transfer said stock before they permit such transfer to be made. This rule does not apply, however, to the case of executors and

administrators transferring stock standing in the name of a decedent, for the reason that the law casts upon them the legal ownership of the personal property of such decedent. It is their duty to pay debts and make distribution amongst heirs or legatees. To do so, they must convert the personalty into cash, and a transfer of stock, therefore, would be in due course of administration. It would be unreasonable to hold that a corporation in such case should be held to inquire whether in point of fact the particular stock was needed for the payment of debts or legacies."

And to like effect is the opinion of Mr. Justice TRUNKEY in Wood's App., 92 Pa. 379.

The opinions above cited indicate the executor's legal ownership and control of the personal estate and are entirely consistent with our conclusions in this case.

The assignments of error are overruled and the judgment is affirmed.