# Klees's Estate.

*Appeals — Assignments of error — Defective assignment — Exceptions to auditor's report.*

An assignment of error to the effect that the court erred in overruling exceptions to an auditor's report is defective, where the assignment does not set forth the exceptions and the action of the court thereon.

*Decedents' estates—Claim for services—Evidence.*

A claim against a decedent's estate for board, care and nursing by a sister of the decedent and the sister's husband, will be allowed

202, (1916).]     Syllabus—Assignment of Errors.

where the evidence shows that the decedent and the claimants dealt with each other as debtor and creditor; that the understanding between them was that board, care and nursing were not being furnished gratuitously, that the decedent at various times declared her intention to pay for the board, care and nursing that she was receiving; and that the decedent during her lifetime paid the claimants one hundred dollars on account of the same.

Argued March 6, 1916. Appeal, No. 27, March T., 1916, by Independent Order of Odd Fellows' Orphanage of Sunbury, Pa., from decree of O. C. Columbia Co., Dec. T., 1914, No. 14, dismissing exceptions to auditor's report in Estate of Rebecca Klees, deceased. Before OR-LADY, P. J., HENDERSON, KEPHART, TREXLER and WIL-LIAMS, JJ. Affirmed.

Exceptions to report of auditor.

From the record it appeared that Daniel Swisher and Alice Swisher, his wife, presented a claim before the auditor for $1,006.33 for board, nursing, washing and assistance furnished and rendered the decedent during the last four years of her lifetime.

The auditor found as facts that the claimants and the decedent, with respect to the latter making her home with the claimants, dealt with each other as debtor and creditor; that the understanding between them was that the board, care and nursing, which they were furnishing, were not being furnished gratuitously; that the decedent at various times during the time she lived in the Swisher home expressed her intention to pay the Swishers for the board, care and nursing they were providing for her; and that the decedent during her lifetime paid the claimants one hundred dollars on account of the same.

The auditor allowed the claim, and exceptions to his report were dismissed by the court.

Errors assigned were in the following form:

1. The Orphans' Court was in error in overruling and

Assignment of Errors—Opinion of the Court. [63 Pa. Superior Ct.

dismissing the exceptions filed to the findings of the auditor, and in confirming the auditor's report.

2. The Orphans' Court was in error in allowing the claim of Daniel Swisher and Alice Swisher for boarding and nursing decedent, Rebecca Klees.

*Christian A. Small* and *Edward J. Flynn,* for appellant.

*W. H. Rhawn,* with him *C. J. Fisher,* for appellee.

OPINION BY KEPHART, J., May 8, 1916:

Appellees moved to quash this appeal because the assignments of error are in violation of Rule 14 of this court. These assignments are defective. The exceptions to the auditor's report and the action of the court thereon are not set forth. The appeal should be quashed: Moore v. Bischoff, 25 Pa. Superior Ct. 1. We have however, reviewed the case on its merits and find sufficient proof to sustain the decree of the court. The case is in line with Ranninger's App., 118 Pa. 20; Evans' Est., 60 Pa. Superior Ct. 83; Davies Est., 60 Pa. Superior Ct. 360; Schreiber v. Northam, 60 Pa. Superior Ct. 483.

The appeal is dismissed at costs of appellants.