JAMES B. VAUGHN, Appellant, v. E. M. CADWELL, and E. M. CADWELL, as Administrator of the Estate of JAMES B. VAUGHN, Respondent.*

St. Louis Court of Appeals. Opinion Filed December 8, 1925.

1. **ADMINISTRATION:** Estates of Absentees: Assets: Distribution: Statutory Refunding Bond Necessary to Protect Administrator. The statutory provisions, authorizing administration on the estate of one absent for seven years must be strictly complied with and the probate court has no authority or power to accept a bond indemnifying the administrator, nor any other than the statutory refunding bond required of distributees by section 269, Revised Statutes 1919.

2. ———: ———: ———: ———: Administrator Taking Indemnity Instead of Statutory Refunding Bond: Personally Liable to Returned Absentee. An administrator of the estate of one absent for seven years *held* personally liable to returned absentee for funds distributed where he took a bond to indemnify himself, instead of a refunding bond required of distributees by section 269, Revised Statutes 1919, as the probate court ordered to be taken.

*Headnotes 1. Absentees, 1 C. J., Sections 3, 14 (Anno); 2. Absentees, 1 C. J., Section 14 (Anno).

Appeal from the Circuit Court of Shelby County.—*Hon. V. L. Drain,* Judge.

REVERSED AND REMANDED (*with directions*).

*Harry J. Libby* for appellant.

*Roland F. O'Bryen* for respondent.

(1) A person who absents himself from the State for seven consecutive years and has not been heard of, if the proper proceedings are instigated, as were here, may be declared legally dead. Same proceedings to be carried out as provided for by sections 264, 265, 266, 267, 268, 269, Revised Statutes of Missouri 1919. Flood v. Growney, 126 Mo. 262; Holman v. Modern Woodmen of America, 243 S. W. 252. (2) An administrator, usually a person without any thorough knowledge of the working of the law, acts in most cases under the direction of the court. The court here, according to section 269, Revised Statutes 1919, approved the bond given, ordered the money distributed and the administrator finally discharged. The decree of a court of competent jurisdiction, as here, is final and conclusive and makes the matter *res judicata* and cannot be attacked by a collateral proceeding—hence absolving the administrator from all liability thereon. 11 American and English Encyclopedia of Law, pages 81 and 1174; 73 Mo. 274; Black on Judgments, 775; 217 S. W. 309; 37 Barber Reports 520; 168

U. S. 48, 49; Kelly's Probate Guide (4 Ed.), page 390.
(3)   The bond issued by the bonding company for a
valid consideration in this case was according to the
statute, that is, "Before any distribution of the proceeds
of the estate of such supposed decedent shall be made,
the persons entitled to receive the same, respectively,
shall enter into a bond to the State of Missouri, with suf-
ficient security, to be approved by the probate court
having jurisdiction, in such sum and in such form as the
court shall direct, conditioned that if the supposed de-
cedent shall in fact be alive at the time of such distribu-
tion, then the distributors shall refund the amount re-
reived by them on demand," etc.   The court here ap-
proved the form, the bond and decreed that it be accepted.
Sec. 269, R. S. 1919.   (4)   The estate was taken from the
plaintiff, or appellant, in the way designated in the Re-
vised Statutes of the State of Missouri of 1919.   Service
was obtained, legally, by publication, so that any hard-
ship that has been inflicted upon the appellant has been
occasioned by his own negligence. Secs. 264, 265, 266, R. S.
1919.   (5)   The bonding company here supposedly gave
the statutory bond for a valid consideration, as no other
bond except the statutory bond could be of any use.   So
shouldn't they, if there is any liability, who have con-
tracted to do a certain thing and received a valid con-
sideration for so doing be held, rather than the respond-
ent?

NIPPER, J.—This is an action brought by plaintiff
against defendant, individually, and in his official capacity
as administrator of plaintiff's estate.   In 1918, plaintiff's
sister filed in the probate court of Shelby county, Mis-
souri, an affidavit, alleging that plaintiff, James B.
Vaughn, had been absent from the State for seven con-
secutive years without having been heard from by any of
his relatives, and that he was the owner of certain money
and property; that Ada C. Luck, the affiant, Ola J. Gard-
ner, and Ethel M. Mulligan, were the sole heirs at law
and nearest of kin to plaintiff, and praying that said

plaintiff be alleged legally dead, and an administrator appointed. Thereafter, such proceedings were had as were required under the provisions of sections 264 to 271, inclusive, Revised Statutes 1919. Defendant E. M. Cadwell was appointed administrator, and filed an inventory showing the receipt of certain moneys belonging to plaintiff. No debts were presented, classified, or allowed against the estate. Final settlement was made by the defendant, in which he charged himself with the amount received by him, and was allowed credit in his accounts for the cost of the proceedings and of administering the estate, leaving a balance of approximately $675. Final settlement was made on August 14, 1919, and the court, after ascertaining the balance due the estate, directed this balance to be paid to the three sisters of plaintiff above named, upon their giving a sufficient "refunding bond" for the amount of their distributive shares, said bond to be acceptable to and approved by the court before distribution; and if said distributees failed or refused to make such bond within six months, then the administrator was to deposit the balance due said estate with the treasurer of Shelby county, as required by law, said treasurer to give his receipt, loan the money, and pay annually the net income therefrom to said distributees. On February 14, 1920, the three sisters of plaintiff appeared in the probate court and tendered to the administrator their bonds. The condition of these bonds, so far as is material here, was as follows:

"The condition of this bond or application is such, that should the principal herein save and hold the said E. M. Cadwell, administrator as aforesaid, and his bondsmen, harmless from any and all loss or damage by reason of said distribution as aforesaid, and if the probate court of Shelby county, Missouri, or any other court of competent jurisdiction, should render final judgment against said E. M. Cadwell, Administrator, the principal herein within thirty days after such judgment or decree is entered, should pay and discharge the same, then this

obligation shall be null and void, otherwise to remain in full force and effect.''

These bonds were delivered to defendant, as administrator, and he paid to the distributees their respective shares. In 1924, plaintiff instituted this action to recover the amount of $675. The trial court found the issues for defendant and against plaintiff, and rendered judgment accordingly. From this judgment, plaintiff in due time and in proper manner perfected his appeal to this court.

There were no declarations of law or finding of facts, but the trial court evidently entered judgment for defendant upon the theory that defendant was not liable because the bond was a protection, and suit should have been instituted thereon, and an effort made to collect from the distributees or their surety. The statutory requirements with respect to the kind of bond to be given in such a case (section 269, R. S. 1919) are as follows:

''Before any distribution of the proceeds of the estate of such supposed decedent shall be made, the persons entitled to receive the same, respectively, shall enter into a bond to the State of Missouri, with sufficient security, to be approved by the probate court having jurisdiction of said estate, in such sum and in such form as the court shall direct, conditioned that if said supposed decedent shall in fact be alive at the time of such distribution, then the distributors shall refund the amount received by them, on demand, with interest thereon from the date of such demand; but if any person entitled to receive such distribution shall be unable to give the security aforesaid, then the money which he would be entitled to receive shall be paid over to the county treasurer, and by him loaned at the highest rate of interest obtainable, on security approved by said probate court, which interest shall be paid annually to the person entitled thereto, and such money shall remain so at interest until the security aforesaid is given, or the court, upon application, shall order it to be paid to the person or persons entitled to receive the same.''

It is evident from the statement of facts above set forth that the above statutory requirements were not followed, because, instead of the bond being made in compliance with the exact terms of the statute, an indemnity bond was given, not to guarantee the refunding of this amount to plaintiff by the distributees, but conditioned upon the repayment of the amount to the administrator to secure him from any loss or damage on account of the wrongful distribution of the estate.

Learned counsel for respondent argues here that the estate was properly taken from plaintiff, and that the bonding company should be held rather than the respondent, and insists that the bond shows that its purpose is to hold the administrator and his bondsmen harmless, and that the order of the probate court is final and conclusive and cannot be attacked in this manner. We do not agree with these suggestions of defendant's counsel. It was only by reason of statutory enactment that administration could be had upon plaintiff's estate, due to the presumption of death after an absence of seven years, and the statute must be strictly complied with. In the first place, the probate court had no authority or power to accept any other than the statutory bond required in such cases. [Leahy v. Mercantile Trust Co., 296 Mo. 561, 247 S. W. 396.] The defendant, administrator, saw fit to take a bond indemnifying him, instead of a refunding bond as the probate court ordered to be taken. The statute gave the probate court the power to fix the form and the sum of the bond, but did not confer upon it the authority to designate such a bond as was given in the instant case. The construction of a very similar statute was before the court in the case of Musser v. Oliver, 21 Pa. St. Rep. 362, l. c. 367. The court there said:

"The object of the statute in requiring refunding bonds, was to protect claims that might arise through mistaken or fraudulent settlements, as well as such that had not yet come to light. The only safe line of conduct for executors or administrators to follow is, to obey

all the requisitions of the law. Governed by its directions, they will be protected by its shield. Disobeying its mandates, they must suffer its penalties.''

The defendant in the instant case, no doubt, was careful to see that the bond was given to indemnify him. He was extremely anxious to protect himself, and, therefore, he should not complain if he is held liable. No doubt if he had taken the bond required by the statute and by order of the probate court, he could not be held liable. But we have no such case before us, and therefore it is unnecessary to determine that question here. [See Schaeffer's App., 119 Pa. 640.]

We think, on account of defendant's failure to take bond according to the statute, he is personally liable. [24 C. J. 481.] The judgment of the circuit court is, accordingly, reversed, and the cause remanded, with directions to enter judgment for plaintiff and against defendant for the amount claimed in the petition. *Daues, P. J.,* and *Becker, J.,* concur.