## Estate of John Vogle, Deceased.

Argued April 15, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*James Kennedy*, for appellants.—The burden is on accountant to show authority for expenditures: Bockius' Estate, 10 C. C. 183.

A trustee who is negligent cannot be allowed compensation: Kline's Estate, 280 Pa. 41; Lafferty's Estate, 184 Pa. 502; Grollman's Estate, 273 Pa. 559.

The question of surcharging an accountant with interest on funds used by him prior to the confirmation of a partial account is not res adjudicata: Brown's Estate, 190 Pa. 464; Moyer's Estate, 141 Pa. 125; McLellan's Appeal, (No. 1), 76 Pa. 231; Lowell's Estate, 92 Pa. Superior Ct. 492.

512

*Paul J. Abraham,* and with him *Adam M. Wyant,* for appellee.—The confirmation of a partial account renders res adjudicata all matters concerning funds considered therein: Gould's Estate, 270 Pa. 535; Mc-Cown's Estate, 221 Pa. 324.

OPINION BY GAWTHROP, J., July 2, 1929:

These appeals are by two legatees from a decree dismissing certain exceptions taken to the decree of distribution filed by the court below upon the audit of an executor's third account. The fund for distribution is the proceeds of sales and rentals of real estate which the will directed to be sold and conveyed by the executor. The assignments of error raise three questions.

It appears that the executor brought a proceeding in the court of common pleas to quiet the title to a small tract of land belonging to the estate in order to enable him to sell it. He paid to each of two witnesses the sum of $20 to cover their fees and expenses for appearing in court to testify at two different hearings. He also paid the record costs in the case, although the decision was in favor of the estate. The court below declined to allow or refuse the executor credit for these items, holding that the determination of the question, who should pay the costs in that proceeding, is for the court of common pleas, and that as a petition had been presented to that court for the determination of the question, the final disposition of the exceptions to this item should await the decision in that court relative to these costs. In this we find no error. The matter has not been finally determined.

The next complaint is that the executor has, by his conduct, forfeited all right to commissions. There is no evidence that the accountant was guilty of any wilful default; he seems to have acted in good faith, without fraud or unfairness; and was not guilty of such gross negligence as deprives him of his right to

any commissions for his services. That is the test: Kline's Estate, 280 Pa. 41.

Another complaint is that error was committed in failing to surcharge the executor with interest upon various sums which he received and used for his own private purposes prior to its distribution under the previous partial accounts. The court did surcharge him with the interest on $7,000, the proceeds of the farm received September 30, 1927, and used in his business until April 23, 1928, and reduced his commissions by that amount, but held that the question, whether the accountant was liable to a surcharge with the interest on funds collected prior to the confirmation of the second account, was res adjudicata; that the confirmation of a partial account is conclusive as to all matters embraced therein, not only as to all matters that actually were raised, but all that might have been raised thereunder; and that the question as to liability of the accountant for interest on moneys accounted for in an earlier account cannot be raised under a later account. We cannot adopt that conclusion. A partial account of an executor, administrator, guardian or trustee, confirmed by the orphans' court, is only conclusive of what it contains. "It is not conclusive of any item which the accountant had received, or ought to have received, and has omitted to charge himself with, either through mistake or fraud, so that it was not settled. Whatever has thus been omitted from any previous account, whether debit or credit, so that it was not considered or passed upon, can be settled in the final one": McLellan's Appeal, 76 Pa. 231. See also Appeals of Fross and Loomis, 105 Pa. 258; Shindel's Appeal, 57 Pa. 43; Leslie's Appeal, 63 Pa. 355. It follows that it was the duty of the court below to consider and pass upon the evidence tending to establish the liability of the accountant for interest

on funds accounted for and distributed under the previous accounts.

The accountant charged himself with $300, rents collected, and with $76.08, representing cash in the First National Bank of Webster, Pa. At the audit he asked permission to withdraw these two items from the debit side of his account, asserting and proving that the rent had not been collected and that the First National Bank of Webster had been closed by order of the comptroller of the currency, so that the money was not in hand. The request was granted, the court remarking that "probably the entire amount will be collected later and can be included in the final account." The commissions charged and allowed include five per cent on these items. As they have not been collected the commissions calculated thereon must be deducted.

The decree is reversed and the record is remitted to the court below with directions to pass upon the question of liability of the accountant for a surcharge for interest on moneys distributed under the earlier accounts and to reduce the commissions in accordance with this opinion, costs to be paid by the estate.