## Bull's Appeal.

1. Each assignment of error must be specified particularly and by itself; and errors not assigned according to the rule of Court are considered as waived.

2. An assignment that "the Court erred in confirming the report of the auditor" was not sufficient to indicate the point intended to be raised.

3. The power of the Orphans' Court "to make distribution" of estates in the hands of executors and administrators, "to and among the persons entitled to the same," embraces creditors as well as heirs, next of kin, and legatees. The power to make distribution among heirs or legatees involves the power to ascertain the amount of the debts.

4. Each person has the right to be heard in support of his own claim and in opposition to every other claimant who interferes with it.

5. An executor in the settlement of his account is chargeable with a debt due by himself to the estate.

6. Where the facts have been found by an auditor and his report confirmed by the Court, there must be flagrant error to justify this Court in interfering with the report.

7. Where it does not appear from the record whether the auditor was sworn or not, after approval of the report by the Court it will be presumed in this Court that he was qualified, or that it was waived at the hearing.

APPEAL by Lewis G. Bull from the decree of the Orphans' Court of *Chester county*, confirming the report of the auditor appointed to audit and examine his account as one of the executors of the will of John G. Bull, deceased, upon exceptions filed at the instance of John Elliott, another of the executors.

[Bull's Appeal.]

In pursuance of a petition of one of the sons of John G. Bull, submitted in November, 1851, in which it was alleged that Lewis G. Bull was indebted to the estate of the decedent in the sum of $518, with interest, a citation was issued to him to settle an account.

To the account submitted several exceptions were filed, the first of which was that the accountant had not charged himself with the bond for $518; the second related to the amount of compensation asked.

Before the auditor it was objected, on the part of the accountant, that the auditor could not take cognisance of the first exception which related to the bond, because the estate was *solvent*, and the liability of the accountant on the bond disputed.

A further exception was, that the auditor could not entertain any of the exceptions, because they were filed at the instance of a co-executor.

The auditor reported in favor of charging the accountant with most of the principal of the bond, with interest from 1st April, 1845.

On the part of the accountant exceptions were filed to the report of the auditor; one was to the charge of the portion of the bond charged, it being alleged that neither the Orphans' Court nor the auditor had jurisdiction in a solvent estate over adverse claims. Another was that the auditor had not been sworn or affirmed.

The exceptions were dismissed and the report confirmed.

The accountant appealed, and the only exception filed was, " The Court erred in confirming the report of the auditor."

*Everhart*, for appellant.

On part of the appellee it was, *inter alia*, suggested that an executor is chargeable in his account with a debt due by him to the estate, as no action could be sustained against him therefor by his co-executors.

The opinion of the Court was delivered, May 17, 1855, by

LEWIS, C. J.—The sixth rule of this Court, adopted on the 6th of September, 1852, requires that each error relied on must be specified particularly, and by itself. Errors not assigned according to that rule are considered as waived. There is no specification of any particular error in this case. The general error assigned setting forth that " the Court erred in confirming the auditor's report," is not sufficient to indicate the point intended to be raised. The decree must, therefore, be affirmed for want of an assignment of error according to the rule of Court.

[Bull's Appeal.]

But if we looked into the *argument* for reasons to reverse the decision, we should fail to find them. In Kittera's Estate, 5 *Harris* 422, it was shown that after a contest between the legislature and the judiciary, the former had at last succeeded in establishing the jurisdiction of the Orphans' Court "to appoint one or more auditors to *make distribution* of estates in the hands of executors or administrators, *to and among the persons entitled to the same*." These general terms embrace *creditors*, as well as *heirs, next of kin*, and *legatees*. "The right of each to be heard in support of his claim, and in opposition to every claimant who interferes with it, is necessarily involved in the right to demand payment out of the fund. The power to decide all questions necessary to a proper distribution of the fund *follows the power of distribution*, and vests in the Orphans' Court *as a necessary incident to the jurisdiction*." This doctrine was solemnly affirmed by this Court, after the fullest discussion of the question of jurisdiction. We do not see how distribution among heirs or legatees can be decreed without previously ascertaining the amount of the debts. The power to do this necessarily "follows the power of distribution." We have no inclination to overturn the decision in Kittera's Estate. If we had, we certainly should not do it in a case like the present, where the debtor to the estate is himself an executor, and cannot be sued at common law, because the law does not tolerate the repugnancy of allowing one man to be both plaintiff and defendant in the same action.

In Menge's Appeal, 7 *Harris* 222, it was declared that "where the *facts* have been found by the auditors and approved by the Court below, the case must manifest *most flagrant error*, in order to justify the Supreme Court in interfering with the report. Even on appeal, as distinguished from a writ of error, they cannot be called upon to try questions of *fact*." We might not have found the facts as the auditor has, but we see no such *flagrant error* as to justify our interference with the report.

We do not know whether the auditor was sworn or not; but it is proper to *presume*, after the report has been approved of, that the Court was satisfied either that the oath had been duly administered, or that the parties had waived it at the hearing.

The decree of the Orphans' Court is affirmed.