## Alexander's Estate.

*Res adjudicata—Decree of orphans' court—Refusal to surcharge—Parties—Injunction.*

Where certain of the distributees under a will have asked the orphans' court to surcharge the executor and trustee of the will with failure to collect from another distributee rent and damages for use and occupation of real estate belonging to the decedent, and it is sought through the surcharge to diminish the distributee's share by the amount of the rent and damages, and it appears that the distributee actively resisted the surcharge, the decree of the orphans' court refusing the surcharge is final and conclusive, and a suit at law brought by the other distributees in the name of, and with the permission of, the trustee will be properly enjoined by the orphans' court.

Argued Jan. 4, 1906.   Appeal, No. 137, Jan. T., 1905, by The Fidelity Trust Company, Executor and Trustee, from decree of O. C. Phila. Co., Jan. T., 1896, No. 526, granting an injunction restraining a suit at law against Lucien H. Alexander in Estate of John Alexander, deceased.   Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Petition for an injunction restraining an action at law.

The facts are stated in the opinion of the Supreme Court.

The court entered the following decree : ˙

And now, March 28, 1905, this cause coming on to be heard on petition and answer, and upon consideration thereof the court, on motion of J. Lawrence Wetherill, Esq., solicitor for the petitioner, order and decree that The Fidelity Trust Company, as executor and trustee under the will of John Alexander, deceased, be, and it is hereby enjoined and restrained from further prosecuting the action at law now pending in the court of common pleas, No. 5, for the county of Philadelphia, to the No. 2,549, of June Term, 1904, wherein said executor and trustee is plaintiff and Lucien H. Alexander is defendant.

*Error assigned* was the decree of the court.        .

VOL. CCXIV—24

*M. Hampton Todd*, with him *H. Gordon McCouch*, for appellant, cited : Lightner's Estate, 187 Pa. 237 ; Sames's App., 26 Pa. 184 ; Peterson v. Lothrop, 34 Pa. 223 ; Miller's Estate, 159 Pa. 562.

*Lucien Hugh Alexander*, with him *J. Lawrence Wetherill*, for appellee.

OPINION BY MR. JUSTICE STEWART, March 12, 1906 :

In the settlement of the account of The Fidelity Trust Company, executor and trustee under the will of John Alexander, deceased, in the orphans' court of Philadelphia, an effort was made on behalf of one of the distributees under the will, to surcharge the accountant with a considerable sum on account of rent which it was claimed was due and owing to the estate from Lucien H. Alexander, also a distributee, because of his occupancy of certain real estate after the period fixed by the will for its sale, but which accountant had failed to collect, and damages as well, on account of his retention of the premises. That it was an earnest and exhaustive effort appears from the fact that it involved the taking of between 100 and 200 pages of testimony. It failed because, in the opinion of the learned judge who heard the matter, no legal liability on the part of Lucien H. Alexander was shown. Exceptions were filed to this adjudication, but these were withdrawn or abandoned, and the adjudication allowed to become final, pursuant to an agreement entered into between the exceptant and two other distributees under the will, with The Fidelity Trust Company whereby the claim for a surcharge against the company, was to be abandoned on condition that it would permit an action at law to be conducted in its name, as executor and trustee, against Lucien H. Alexander for the recovery of the rent and damages claimed. Such action was subsequently instituted ; whereupon Lucien H. Alexander, the defendant therein, presented his petition to the orphans' court in which he recited the earlier proceeding to surcharge accountant, and the action of the court therein ; and alleging that the matter sought to be put in controversy by the suit at law had there been finally adjudicated, he obtained a rule on the trust company to show cause why an order should not

issue, requiring it to discontinue the action at law, which it had instituted. This matter was heard on petition and answer, and resulted in a decree enjoining and restraining the trust company, as executor and trustee, from further prosecuting the action at law, against the said Lucien H. Alexander. The present appeal is from this decree, and it raises but a single question:—did the adjudication of the orphans' court refusing to surcharge the appellant with the rent and damages now sought to be recovered in the action at law, determine the question of the latter's liability therefor? It is argued on behalf of the appellant that the appellee was not a party to the issue there raised and decided; that the controversy was not with him but with the Trust Company alone; and that had a decree of surcharge resulted against the latter, the appellee would have been without standing to appeal therefrom. It is further insisted that the adjudication shows that there was no claim made by the appellant against Lucien H. Alexander, the appellee, to hold him responsible for the demands to recover which the action at law was brought.

A decree of surcharge against an accountant does not necessarily imply or fasten a liability upon anybody other than the party surcharged. Where the decree is based upon the default of the accountant in connection with assets, in the hands of parties not amenable to the jurisdiction of the orphans' court, the decree not being conclusive, as against such third parties, they not having been heard, no right of appeal exists in them. But the matter assumes a very different aspect when the default is in connection with assets in the hands of a distributee, as was the case here. If in the course of the inquiry it be made to appear that such distributee is debtor to the estate, and his indebtedness be surcharged against the accountant, in consequence of his failure to collect the same, the adjudication of the court would not be complete except as it subjected the distributive share of the party indebted to a proportionate reduction. The proceeding in the orphans' court contemplates distribution of the testator's estate; and as a preliminary to such distribution, it is the duty of the court to settle all questions of advancements or debts that are to stand for advancements: Springer's Appeal, 29 Pa. 208; Bucknor's Estate, 136 Pa. 23. The primary debtor to the estate is not the account-

ant but the distributee; and in such case a surcharge against
the former, except as it be followed by a corresponding deduc-
tion from the distributive share of the latter, would be most
inequitable; and there occur cases where a failure to make
such deduction would be most prejudicial to the estate. The
indebtedness of a distributee once established, the accountant
would have a right to whatever assistance the court could give
him to obtain it as an asset of the estate. With jurisdiction
acquired over the estate, and all parties interested therein, the
court would not only have the power to afford the proper re-
lief to an accountant under such circumstances, but it would
be its duty to do so of its own motion. While the proceeding
in the orphans' court was directed in the first instance against
the executor and trustee, Lucien H.. Alexander was the ulti-
mate party sought to be charged; a surcharge against account-
ant would necessarily have resulted in a decree in the same
proceeding, charging the amount surcharged against his dis-
tributive share. In a very real sense then he was a party to
the proceeding. That he realized this himself is abundantly
shown by the active part he took in resisting the effort in the
court below; and that appellant and the exceptants below
equally understood it, fully appears from their acquiesence in
his interference. From any decree affecting his distributive
share, he would have had standing to appeal. These considera-
tions are quite sufficient to establish the conclusiveness of the
decree as to the matter of his indebtedness to the estate.

That the adjudication shows that no claim was made by ap-
pellant against the appellee, to hold him responsible for the de-
mands to recover which the action at law was brought, is the
equivalent of saying that the trust company did not specifically
ask that any surcharge that might result against it, should be
deducted from the distributee's share; and while this is per-
haps literally correct as a statement of fact, it is without sig-
nificance. It is not so much what the appellant did or failed to
do, but rather what the exceptants below did, since they are
the real parties in this proceeding as they were in that. That
they had in mind a deduction from the distributive share, and
so directed their efforts, appears clearly enough from the
character of the exceptions filed to the adjudication, one of
them being that " The court erred in not sustaining such sur-

charge for rent of said premises, and in not awarding that the same be deducted from the amount awarded in distribution to Lucien H. Alexander." As we have seen, however, the duty of the court in such case, does not depend upon a request being made by anyone; if the indebtedness be established it is the duty of the court to apply so much of the distributee's share in payment as may be necessary to discharge it.

The doctrine of res adjudicata applies to this case, and it follows that the court below was entirely right in restraining the appellant as executor and trustee under the will of John Alexander, from proceeding at law to recover from the appellee a demand which it had adjudicated adversely to the estate of which appellant was the legal representative.

The appeal is therefore dismissed at the cost of the appellant.