## Shortlidge's Estate.

*Res adjudicata—Court of common pleas—Orphans' court—Life insurance.*
While the orphans' court alone can distribute the proceeds of an insurance policy in the hands of an administrator among those entitled to receive them, the fund cannot be awarded by that court to a claimant whose claim has been adversely passed upon by the court of common pleas to which he, in a proper proceeding before it, had submitted the same.

Argued Feb. 5, 1906. Appeal, No. 269, Jan. T., 1905, by Garrett E. Smedley, from decree of O. C. Delaware Co., March T., 1901, No. 7,883, dismissing exceptions to auditor's report in Estate of Marie D. J. Shortlidge, deceased. Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ. Affirmed.

Exceptions to report of William B. Broomall, Esq., auditor. The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Theodore F. Jenkins*, with him *Charles L. Smyth* and *V. Gilpin Robinson*, for appellant.

*E. Spencer Miller*, with him *Leonard E. Wales*, for E. G. Shortlidge.

*Edward H. Hall*, for estate in bankruptcy of H. C. Howard.

*Albert D. MacDade*, for Fidelity Trust Company, Administrator of Marie D. J. Shortlidge.

OPINION BY MR. JUSTICE BROWN, April 16, 1906:

The present appellant, the substituted assignee of Swithin C. Shortlidge, was before us as an appellee in Provident Life and Trust Company of Philadelphia v. Fidelity Insurance, Trust and Safe Deposit Company, 203 Pa. 82, and we there decided that he had no right to the proceeds of the policy of insurance issued on the life of the assignor. The proceeding reviewed on the appeal in that case had been instituted in court of common pleas, No. 4, of the county of Philadelphia, to which the present appellant became a party on leave granted him to intervene. In his answer he alleged that the endowment policy was the property of Swithin C. Shortlidge at the time the latter made an assignment for the benefit of creditors, and that, as the substituted assignee, he was entitled to receive the moneys payable under it. Every question that he now raises, he raised, or could have raised, in that proceeding. On appeal from the decree made in it, in passing upon the claim of the appellant to the proceeds of the policy, we said what ought not to be misunderstood now. We passed upon the very question which he now raises in reversing the decree below awarding him the money; and in directing that it should be paid to the administrator of Marie D. J. Shortlidge, deceased, it was said: "The title of the deceased to the policy was absolute, and passed to her administrator, now the Fidelity Insurance, Trust and Safe Deposit Company. The proceeds of the policy belonged to her estate, and, under the intestate laws, passed to

her husband through her administrator, subject to his assignments since her death and the attachments issued against him, as if he had never owned the policy and his wife had acquired the title to it through a stranger."

After the death of Marie D. J. Shortlidge her husband made assignments of his interest in the proceeds of the policy, and several attachments in execution were issued against him, in which the insurance company was named as garnishee. In directing the fund to be paid to the administrator of his wife, we said : " With a decree awarding the proceeds of the policy to it, the jurisdiction of the common pleas is at an end. That court cannot distribute for the orphans' court, even for equitable reasons. To the latter court the administrator must submit its account, where distribution will be made to those entitled to receive the money paid to it under this proceeding." This language seems also to be misunderstood by the appellant, for he now contends that under it he has the right to submit his claim to the orphans' court, as one of those entitled to receive the fund. The language used applied to those having assignments and to attaching creditors, but not to the appellant. He had been once heard, and it was finally decreed that he was not entitled to the fund. While the orphans' court alone can distribute the proceeds of the insurance policy in the hands of the administrator among those entitled to receive them, the fund cannot be awarded by that court to a claimant whose claim has been adversely passed upon by a court of competent jurisdiction to which he, in a proper proceeding before it, had submitted the same. The decree of the common pleas is conclusive that the assigned estate of Swithin C. Shortlidge was not entitled to the fund.

Appeal dismissed and decree affirmed at appellant's costs.