Opinion by
Porter, J.,
This proceeding was originated in the court below in a most unusual manner. Dorian, the executor of the will of Szovak, had brought, in the court of common pleas of Cambria county, an action against the beneficial society, of which the decedent had been a member, to recover the sum of $1,000, benefits alleged to be due *8 the estate, under the rules of the association and its contract with the decedent. The association prepared a petition, addressed to the learned judge, by name, and designating him by the title, “President Judge of the Court of Common Pleas of Cambria County,” stating that $150 of the money had been paid out by the defendant for funeral expenses but failing to state that under its contract with the decedent and the rules of the association it had a right to credit for that amount; and admitting that it had in its hands the sum of $850 which was due and payable to the estate of Szovak or to some person as the legally designated beneficiary of said deceased member. The petition further averred that Szovak had at various times during his life designated sundry different persons as beneficiaries, and that several of such parties had made claim upon the association for the amount so designated to be paid to them; that the association had no interest in the said sum of $850 and was thus liable to be put to the expense of defending two or more actions and the risk of being compelled to pay the money twice, and prayed for leave to pay the money into court and that an order be made on Dorian, executor of the will of Szovak, and nine other persons named in the petition, who claimed the fund or part of it, to interplead. This petition was entitled in the action which Dorian, as executor, had duly brought in the common pleas, and to that action it referred, by number and term, both in the caption and the body of the petition. The association, which was the defendant in the action, instead of filing this petition in the common pleas, at the proper number and term, seems to have delivered it to the judge personally. The judge of the court of common pleas did not make the order prayed for in the petition, directing that the money be paid into the court of common pleas, nor did he make any order upon the several claimants of the fund in the hands of the association to interplead. The judge, upon the presentation of the petition, made this order: “And now, August 2d, 1910, *9 Philip Sharkey, Esq., is appointed auditor to distribute the within named fund in and according to the law and rules governing the orphans’ court;” and the petition with this order was filed in the orphans’ court. The auditor notified this appellant and some of the other claimants of the fund to appear, and this appellant did appear and at once objected “to this proceeding for want of jurisdiction in the court to appoint an auditor,, or jurisdiction in the auditor to proceed in the matter, there being no funds in the hands of the auditor, or in court to distribute, the executor not having filed his account in the estate and that an action is now pending in the court of common pleas of Cambria county for the recovery of the alleged fund here proposed to be distributed, as well as additional money.” The auditor seems to have held several meetings and some evidence may have been submitted to him by some of the parties; he did subsequently file a report finding certain facts, but he failed to return any testimony whatever which tended to sustain such findings. The appellant filed exceptions to all the auditor’s findings of fact, and also, filed specific exceptions raising the question of the jurisdiction of the court to appoint the auditor; of the jurisdiction of the court to distribute a fund which was not in court or in the hands of the executor; of the jurisdiction of the court to determine whether the association was indebted to the estate, and of the jurisdiction of the court to determine whether the money in the hands of the association, if there was such money in its hands, belonged to the estate of the decedent or to some one or more of nine living persons. The learned judge of the court below overruled all these exceptions and entered a decree which, in effect, established that the benefits owing by the association were no part of the estate of Frank Szovak, deceased.- The court thus established, to its own satisfaction, that the fund, which never had been in the hands of the decedent and was not in the hands of the executor or of the court, was no part of the estate of the decedent. The executor *10 of Szovak appeals from that decree, and the specifications of error raise the question of the propriety of the action of the court below in overruling the several exceptions.
The right which was involved in the controversy which the court below voluntarily assumed the duty of determining was not the right of possession of or title to personal property which ever had been in the possession of the decedent or of the executor of his will. The right which the executor was asserting was founded upon an alleged executory contract, under which the beneficial association became upon the death of Szovak indebted to his estate in the sum of $1,000. The right to receive this money may have been an asset of the estate, but it was still only a debt, which must be collected, if not paid voluntarily, by an action at law against the debtor, which the orphans’ court was without jurisdiction to entertain: Springer’s Appeal, 29 Pa. 208; Shortlidge’s Estate, 214 Pa. 620. The petition of the beneficial association admitting that it was indebted to some person for the amount of the benefits in question but asserting that it was in doubt as to whether it was indebted to this estate or to some one or more of nine living persons, disclosed nothing which could confer jurisdiction upon the orphans’ court. If this was a debt due the estate, the executor was entitled to receive payment, and the money would be subject to the jurisdiction of the orphans’ court, after it came into his hands. If the debt owing by the association was due to some one or more of the nine living individuals, it was not an asset of the estate, and over it the orphans’ court had no jurisdiction. The question at that stage of the proceeding was, To whom is this debt due? “What act of assembly has given the orphans’ court jurisdiction to determine that question, and order the debtor to pay the administrator or pay into court — an order, of course, to be enforced by attachment or execution? .... Even if the claimant of the fund had been a resident of Dauphin county, he could not have been made a party to this proceeding and his claim disposed of in this sum *11 mary way. He would have a right to a common-law action and a trial by jury: ” Appeal of the Harrisburg National Bank’s Appeal, 84 Pa. 380. The orphans’ court was without jurisdiction to inquire and determine as to whether there was an indebtedness of the beneficial association or as to the amount of said indebtedness, or if it be assumed that there was an indebtedness, which one of the rival claimants was entitled to the money. All the specifications of error are sustained.
The decree of the court below is reversed, and the order appointing an auditor and all the subsequent proceedings are set aside.