## Commonwealth, to use, *v.* Easton Trust Company, Exr., Appellant.

Argued April 12, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*J. Willard Paff,* of *Smith & Paff,* with him *Henry K. Van Sickle,* for appellant.

*R. C. Mauch,* of *Mauch & Goodman,* with him *Harry C. Cope,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 10, 1943:

The effect of this appeal is to question the jurisdiction of the court of common pleas in an action upon surety bonds instituted by a substituted trustee as use-plaintiff against the executor of the estate of a deceased co-surety of the prior trustee.

George F. Sandt, the prior trustee, was appointed by the orphans' court to sell certain real estate and hold the proceeds for the benefit of two life tenants. The trustee executed and filed fidelity bonds, upon which Nettie F. Sandt, since deceased, became a co-surety. At an audit of the accounts of the prior trustee, the orphans' court surcharged him in a fixed amount. The fiduciary died while the audit was pending, and no appeal was taken from this decree. The present appellee was appointed substituted trustee. At the audit of the account of the executor of the deceased trustee, the appellee presented its claim for the amount of the surcharge. The claim was allowed, but according to the adjudication, was not paid "because of lack of funds". Suit was then commenced upon the bond by the appellee in the court of common pleas against the executor of the estate of the said co-surety, the appellant, which resulted in the judgment herein appealed from. The appellant maintains that the common pleas court had no jurisdiction in the matter. The court below refused defendant's motions for judgment n. o. v. and a new trial and this appeal followed.

When the orphans' court surcharged the trustee, this was an effective judgment against him for the amount of the surcharge: Orphans' Court Act of June 7, 1917,

P. L. 363, §9 (d), 20 PS 2244. When the trustee did not liquidate the judgment, either in his lifetime or upon decease, and the subsequent audit of the account of his executor disclosed the inability of his estate to pay the same, recourse was then properly had to the surety. Had the surety been then living, the orphans' court would have had no jurisdiction to enforce such claim against her. Such a surety is not a party in interest to the estate. See *Springer's Appeal*, 29 Pa. 208; *Appeal of the Harrisburg National Bank*, 84 Pa. 380; *Szovak's Est.*, 51 Pa. Superior Ct. 7; *First National Bank to use* v. *Getty, Exrx, Ap.*, 118 Pa. Superior Ct. 326. However, when the surety died and her estate was before the orphans' court, such a claim could have been presented like any other claim against any other decedent: Orphans' Court Act of June 7, 1917, supra; *Kittera's Est.*, 17 Pa. 416; *Bull's Appeal*, 24 Pa. 286; *Phillips, Admr.* v. *Railroad Co.*, 107 Pa. 465; *McHenry L. Co. Appel.* v. *Second N. B. W. B. Ex.*, 281 Pa. 52; *Brandt's Est.*, 83 Pa. Superior Ct. 322. But the orphans' court does not possess *exclusive* jurisdiction in the proof of claims of decedent's creditors. The court of common pleas has concurrent jurisdiction. *Sergeant's Executors* v. *Ewing*, 30 Pa. 75, 36 Pa. 156; *Swain et al.* v. *Ettling*, 32 Pa. 486; *McLean's Executors* v. *Wade*, 53 Pa. 146; *Kimble* v. *Carothers*, 81 Pa. 494; *Phillips, Admr.* v. *Railroad Co.*, supra; *Haviland* v. *Fidelity Co.*, 108 Pa. 236; *Pringle* v. *Pringle*, 130 Pa. 565; *Ohio Ap.* v. *Union Tr. Co. of Pgh*, *Exr.*, 137 Pa. Superior Ct. 75. And when such judgment is obtained in the court of common pleas it is conclusive in the orphans' court. *McClain's Est.*, 180 Pa. 231. The judgment must now be presented as a claim to the orphans' court where all questions of payment, set-off or counter-claim can be adjudicated. See *Real Estate Sav. & Tr. Co.* v. *Lewis, Aplnt.*, 340 Pa. 86.

The judgment of the court below was clearly correct. The appeal is dismissed at appellant's cost.