## Sheehan Estate

Before Klein, P. J.; Bolger, Hunter, Lefever and Saylor, JJ.

*Henry Arronson*, for petitioner.

*James C. Crumlish, Jr.*, contra.

KLEIN, P. J., March 23, 1952.—Francis Kelly, a nephew of William J. Sheehan, decedent, is attempting to enforce a claim in the sum of $13,000 against this estate under the terms of an oral contract for support and maintenance which he alleges was entered into by him with decedent several months prior to his death.

Claimant has instituted suit in the Court of Common Pleas No. 6 for recovery of his claim. The accountant in the present proceedings is asking us to transfer the

action pending in that court to the orphans' court in order that the claim might be heard in this court instead of in the common pleas court.

It seems clear that we are completely without authority to transfer the common pleas action to this court. The pleadings, practice, and procedures in the two courts are entirely different, and we know of no power vested in the orphans' court which would permit us to comply with petitioner's request.

As a court invested with equitable powers, it may be that under proper circumstances we would have the right to enjoin litigant from proceeding with his action in the common pleas court, as was done in Alexander's Estate, 214 Pa. 369 (1906). The present case, however, is not one for the exercise of this power.

The audit of the executor's account is now listed for Monday, April 7th, before Saylor, J., successor to the late President Judge Sinkler. Our problem is to determine whether the auditing judge should proceed to dispose of this matter at the audit or wait the outcome of the suit pending in common pleas.

For an intelligent understanding of this narrow issue, it will be helpful to list chronologically the history of this case up to the present time:

January 3, 1950: William J. Sheehan died.

January 14, 1950: Letters testamentary issued to Edwin D. Sheehan, executor.

November 6, 1950: Executor died.

November 22, 1950: Letters of administration d. b. n. c. t. a. granted to Edward W. Sheehan.

O. C.—July 24, 1951: First and final account filed by administrator d. b. n. c. t. a.

O. C.—September 7, 1951: Account called for audit by Sinkler, P. J.; and continued.

C. P.—September 19, 1951: Claim in assumpsit filed by Francis Kelly in C. P. No. 6, September term, 1951, no. 266.

C. P.—October 13, 1951: Answer and new matter filed by administrator.

C. P.—October 31, 1951: Reply to answer and new matter.

O. C.—December 21, 1951: Citation issued by Sinkler, P. J., upon petition of administrator directed unto Francis Kelly "to show cause why the action of Francis Kelly against Edward W. Sheehan, administrator, d. b. n. c. t. a. of the Estate of William J. Sheehan, now pending in the Court of Common Pleas No. 6 of Philadelphia County, as of September Term, 1951, No. 266, should not be transferred to the Orphans' Court of Philadelphia County for the purpose of having the Orphans' Court determine in the Accounting Proceedings presently pending before it, the issues in said action and the decision be incorporated and entered in said Accounting Proceedings."

O. C.—January 17, 1952: Answer filed.

C. P.—January 21, 1952: Motion filed by administrator for judgment on the pleadings (Pa. R. C. P. 1017(a)).

C. P.—February 26, 1952: Opinion by Flood, J., denying motion.

O. C.—March 17, 1952: Argument sur petition and answer before orphans' court in banc.

From the foregoing tabulation it would appear that the parties to this litigation have been attempting to ride the processes of the two courts like a circus equestrian astride two spirited horses at the same time.

The law is settled beyond question that the court of common pleas has concurrent jurisdiction with the orphans' court in the proof of creditors' claims against the estate of a decedent.

Our former colleague, Mr. Justice Stearne, said in Commonwealth, to use, v. Easton Trust Company, Exr., 347 Pa. 162, 164 (1943):

". . . the orphans' court does not possess *exclusive* jurisdiction in the proof of claims of decedent's creditors. The court of common pleas has concurrent jurisdiction. Sergeant's Executors v. Ewing, 30 Pa. 75, 36 Pa. 156; Swain et al. v. Ettling, 32 Pa. 486; McLean's Executors v. Wade, 53 Pa. 146; Kimble v. Carothers, 81 Pa. 494; Phillips, Admr. v. Railroad Co., supra; Haviland v. Fidelity Co., 108 Pa. 236; Pringle v. Pringle, 130 Pa. 565; Ohio Ap. v. Union Tr. Co. of Pgh., Exr., 137 Pa. Superior Ct. 75. And when such judgment is obtained in the court of common pleas it is conclusive in the orphans' court."

See also cases cited in Hunter's Pa. Orphans' Court Commonplace Book, vol. 1, p. 292.

Confronted as we are with a situation in which a claim is being presented in two different courts having concurrent jurisdiction over the subject matter of the cause of action, recourse must be had to the rule of comity. Under this rule the court which first entertains the proceedings retains control of the matter until it is brought to a conclusion. This, however, is not a matter of absolute right but rather a matter of courtesy and good will. It is dictated by the need for orderly procedures in judicial administration.

In the present case the orphans' court acquired jurisdiction of the dispute on September 17, 1951, when the administrator's account was first called for audit but continued. This was prior to the entry of suit in the common pleas court, yet we believe that, under the circumstances of this case, the common pleas court, and not the orphans' court, should dispose of the merits of the claim.

Ordinarily in cases such as the one before us involving the claim of a creditor for the breach of an alleged contract for support and maintenance of a decedent, the orphans' court would be the logical forum to retain control of the litigation, because of its more highly specialized experience in cases of this character.

If the accountant had insisted upon the audit of his account, we would, in all likelihood, have complied with his request and proceeded to dispose of the claim in spite of the fact that suit had also been instituted in the common pleas court. Furthermore, the accountant could have petitioned the common pleas court for a stay of proceedings until the argument on the petition and answer had been heard in this court. Instead of doing this, however, he filed a motion for judgment on the pleadings before the common pleas.

Apparently that court was not informed of the proceedings which were pending in this court, and at the time of the argument before our court in banc we had not been informed of the fact that the motion for judgment on the pleadings had been filed by the accountant and denied by the common pleas court in an opinion written by Flood, J.

In this state of jurisdictional impasse we believe it to be the logical conclusion that the accountant, in asking for judgment on the pleadings in the common pleas court before any hearing had been held in the matter in our court, has elected to subject the matter to disposition by that court, and that we should not attempt to pass upon the merits of the disputed claim.

The prayer of the petition is therefore denied, and the matter is referred to Saylor, J., the auditing judge, to make such order as he, in his discretion, considers fair and proper, in accordance with the provisions of section 619 of the Fiduciaries Act of 1949.