## Wharton Estate

*Samuel A. Litzenberger,* for exceptant.
*Frederick E. Smith,* contra.

SATTERTHWAITE, P. J., February 17, 1967.—The problem involved at the audit of the within executor's account was whether or not the objector, Robert B. Wharton, a son of decedent and one of the residuary legatees under her will, was still liable at the time of decedent's death on a $6,500 indebtedness which un-

questionably had been due and owing to her at an earlier date during her lifetime. Accountant had included this indebtedness in its account as an uncollected asset of the estate, and proposed to set-off same in distribution as a charge against objector's share of the residue under decedent's will. Objector, a resident of Ohio, filed written opposition to this proposal on the ground that the indebtedness no longer subsisted for various reasons (not including payment), and a hearing on these questions was held by the auditing judge on audit of the account.

The adjudication of the auditing judge ruled that objector was "obliged to pay to accountant the sum of $6,500.00, together with interest from the date of decedent's death . . . , less his distributive share of the estate computed by including such obligation as an asset thereof". Such distributive share would amount to slightly more than $5,600, so that, in effect, the adjudication purported to render an affirmative judgment over and above the set-off in favor of accountant and against objector in a sum approaching $900, plus interest.

The matter is presently before the court on objector's exceptions to the adjudication. He now contends for the first time that this court has no jurisdiction to determine the matter of his indebtedness to decedent.

Sections 301 to 309, inclusive, of the Orphans' Court Act of August 10, 1951, P. L. 1163, as amended, 20 PS §§2080.301-2080.309, define and delimit the solely statutory jurisdiction of the orphans' courts of this Commonwealth. Section 301 provides, in presently relevant part:

"The orphans' court shall have exclusive jurisdiction of:

"(1) Decedents' Estates. The administration and distribution of the real and personal property of decedents' estates and the control of the decedent's burial".

Section 304 relates to incidental powers, and states: "The orphans' court shall have all legal and equitable powers required for or incidental to the exercise of its jurisdiction".

While other subsections of section 301 of the Act of 1951 somewhat broaden and extend the jurisdiction of the orphans' court beyond that authorized by prior legislation on the subject (see, e. g., Rogan Estate, 394 Pa. 137, 140), there is nothing therein which would affect or overthrow the long established rule that this specialized court has no power or authority to litigate, determine or collect a disputed indebtedness allegedly owing to an estate by one who is otherwise a stranger to that estate: Appeal of the Harrisburg National Bank, 84 Pa. 380 (1877); McGovern's Estate, 322 Pa. 379, 382-84 (1936); Brown's Estate, 343 Pa. 230, 234-35 (1941); Smith's Estate, 141 Pa. Superior Ct. 571, 576-77, 578 (1940). Compare Colison Estate, 356 Pa. 531, 535 (1947).

Moreover, since the problem is one of jurisdiction of the subject matter rather than of the person, the absence of judicial power in the premises would constitute an objection which would not be waived or cured even by consent or participation of the parties, and the fact that objector herein has raised the question only belatedly and as an afterthought does not obviate the necessity for refusal to assume jurisdiction if it not be warranted by the statute: Patterson's Estate, 341 Pa. 177 (1941); Smith's Estate, supra.

On the other hand, since the orphans' court does have exclusive jurisdiction under section 301(1) of all matters pertaining to the *distribution* of estate property to the *beneficiaries,* and since the court should apply equitable principles under section 304 as an incident thereof, it is equally well settled by the precedents that where the alleged debtor is also a distributee of funds or property of the estate, the court in

determining a proper distribution does have jurisdiction and must, in justice and fairness to all parties in interest, determine and take into account the merits and amount of such indebtedness as an advancement or charge against the share of the distributee: Springer's Appeal, 29 Pa. 208 (1857); Alexander's Estate, 214 Pa. 369, 371 (1906); Callery's Estate, 333 Pa. 258, 261 (1939).

But such power does not extend beyond a set-off up to the amount of the legacy or beneficial interest of the debtor. As noted in the Springer case, 29 Pa. at 210-11:

"As a preliminary to a distribution, the Orphans' Court may settle all questions of advancement or of debts that are to stand for advancements; but it cannot go farther and decide that a distributee is in debt beyond his share of the estate, and such a decision can furnish no foundation for any process to compel payment of a debt or of any part of it. The decision charging it as an advancement is as conclusive as any other judgment, but the surplus beyond the share of the person advanced is not different from a claim against any other debtor, and must be collected by the administrator or accounted for by him in the same way".

Upon consideration of the foregoing principles, it follows that objector's first exception raising the question of jurisdiction should be sustained in part and overruled in part. This court does have power and authority to ascertain the fact and extent of objector's indebtedness to the within estate insofar as such questions go to the propriety of the distribution of estate assets, but not to ascertain any liability of objector to the estate over and above his participation in the distribution of such assets. In other words, the auditing judge did have jurisdiction to determine that objector's indebtedness to the estate was in excess of and, therefore, completely set-off his beneficial interest as

a residuary legatee, so that he is not entitled to participate to any degree in the within distribution; on the other hand, the auditing judge erroneously and ineffectively ruled that objector was personally liable to accountant for the amount of the indebtedness found to be in excess of his distributive share.

Whether or not accountant should or could have proceeded against objector in a court of proper jurisdiction, either in the latter's home State of Ohio or elsewhere, is a matter with which we have no present concern. None of the parties in interest has attempted to surcharge accountant in this connection. Accordingly, distribution should be made of those assets now actually in accountant's custody and control, that is, the net ascertained balances determined and set forth in the adjudication (after deduction of the claim therein allowed), but less the $6,500 uncollected obligation of Robert B. Wharton also therein included. Since the latter, by reason of this unpaid indebtedness to the estate, has already received more than his full share as a residuary legatee, he must be entirely eliminated from distribution of such adjusted balance among the other parties in interest under decedent's will. As directed by the adjudication, and to accomplish an unequivocal liquidation and specification of exact amounts of the respective distributive shares, accountant shall file in due course a schedule of distribution in conformity to the adjudication as modified by the within opinion and final decree.

The others of objector's exceptions to the adjudication merely attempt to relitigate the factual-legal questions of the substantive merits of his indebtedness to the estate and related questions of waiver and renunciation. They raise no new propositions; all have been already fully argued and considered; none has merit for the reasons heretofore adequately set forth in the adjudication.

FINAL DECREE

And now, February 17, 1967, to the extent, and only to the extent, indicated in the foregoing opinion, the first exception of Robert B. Wharton to the adjudication is hereby sustained, and the purported affirmative judgment in favor of accountant and against Robert B. Wharton for the excess of his indebtedness to the estate over and above his distributive share thereof is hereby set aside and vacated for lack of jurisdiction to enter same. In all other respects, said first exception, as well as the second and third thereof without qualification, are hereby overruled. The adjudication, as modified by the foregoing opinion, is hereby confirmed absolutely.