## Perkasie Vulcanizing Co. v. Mundorf

*Gordon G. Erdenberger*, for plaintiff.

*Barry E. Bressler*, for defendant.

BECKERT, J., October 25, 1973.—Perkasie Vulcanizing Company (plaintiff) instituted an action by the filing of a complaint in assumpsit seeking thereby to recover moneys due on an account for the sale of tires to a partnership. Plaintiff pleads that one of the partners is Simon B. Van Wagenen, Jr., as personal representative and executor of the Estate of Dr. S. B. Van Wagenen (defendant). Plaintiff predicates its right to recover on this ground, namely, that defendant, as a personal representative and executor of the estate of that person, is a partner, or that Dr. S. B. Van Wagenen, during his lifetime, pledged his personal assets to meet the obligations of the partnership.

Defendant has filed preliminary objections raising, among other grounds, a question of the jurisdiction of the Court of Common Pleas of Bucks County, claiming that jurisdiction is exclusively with the Orphans' Court Division of the Court of Common Pleas of Philadelphia

County, in which county the will of Dr. Van Wagenen is probated. We find this objection to be without merit for the following reasons.

It is defendant's contention that section 711 of the Probate, Estates and Fiduciaries Code of June 30, 1972 (No. 164), 20 PS §711, vests jurisdiction exclusively in the orphans' court division. The language of the act relied upon by defendant is:

"Except as provided in section 713 of this code (relating to special provisions for Philadelphia County), the jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division:

"(1) Decedents' estates. The administration and distribution of the real and personal property of decedents' estates . . .

"(17) Title to personal property. The adjudication of the title to personal property in the possession of the personal representative."

Both of the above subsections contain language which is identical to the wording of the statute which it repealed and replaced, namely, the Act of August 10, 1951, P. L. 1163, art. III, sec. 301, as amended, 20 PS §2080.301.

It is clear from the reading of the cases decided under the repealed statute that in such a situation, such as we are now presented with, the court of common pleas has concurrent jurisdiction with the orphans' court over a creditor's suit against an estate to determine its claim: Commonwealth, to use v. Easton Trust Company, 347 Pa. 162 (1943); Hess v. Provident Tradesmens Bank & Trust Company, 33 D. & C. 2d 676 (1964); Shindler v. Wright, 78 York 15 (1964); Malvestuto Estate, 25 D. & C. 2d 686 (1962); Sheehan Estate, 78 D. & C. 385 (1952); Van Alstyne v. McConnell, 23 Northumb. L.N. 159 (1952).

The holding of In re Philadelphia Rapid Transit Co., 117 F. 2d 730 (C.C.A. 1941), best summarizes the status of jurisdiction. It was there held that in Pennsylvania: "A creditor has, nevertheless, a right to proceed in the Court of Common Pleas to establish his claim against a decedent's estate (citing cases). But, once the claim is determined, there the jurisdiction of the Court of Common Pleas ends. The creditor must then go into the Orphans' Court which alone has jurisdiction to distribute the decedent's estate among creditors and others interested." (cases cited) page 734.

Defendant's preliminary objections also raise the question of venue. Pennsylvania Rule of Civil Procedure 2130(a) provides:

"Except as otherwise provided in subdivision (c) of this rule, an action against a partnership may be brought in and only in a county where the partnership regularly conducts business, or in the county where the cause of action arose or in a county where a transaction or occurrence took place out of which the cause of action arose."

Defendant has not briefed this objection, therefore we have no way of knowing whether or not it is still being pressed. We believe, however, it suffices to say that the situs of the contract or of the liability in this case was in Bucks County. The promise of the performance was made by plaintiff at his place of business in this county and plaintiff had the right to expect payment from the performance of the contract at that location. See American Mutual Liability Insurance Company v. Lombardi, 85 D. & C. 123 (1953). Therefore, venue was properly laid in this county and, accordingly, the preliminary objection is overruled.

The final preliminary objection raises the contention that there was no proper service of process on defend-

ant. This preliminary objection must also be overruled.

Plaintiff sued defendant Simon B. Van Wagenen, Jr., in his capacity as personal representative and executor of the Estate of Dr. S. B. Van Wagenen.

We know that: "At common law all causes of action by or against a person terminated and abated upon such person's death. Survival of causes of action arise only through the medium of so-called 'survival statutes' ": Johnson v. Peoples First National Bank & Trust Company, 394 Pa. 116, 123 (1958).

Such a survival statute is found in the Act of June 30, 1972, (No. 164), 20 PS §3373, which language is identical to that of its predecessor, the Act of April 18, 1949, P. L. 512, art. VI, sec. 603, 20 PS §320.603, both statutes reading:

"An action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties as though the decedent were alive."

The right is, therefore, vested in plaintiff to bring this action and to bring it against decedent's personal representative. This right was exercised by the naming of Simon B. Ban Wagenen, Jr., as personal representative and executor of the Estate of Dr. S. B. Van Wagenen, as one of the defendants.

While the complaint is defective as to the residence of the personal representative, this fact appears to be conceded by defendant and the concession is that he resides in the State of Georgia. Since nonresidence of defendant can be preliminarily determined by the court, the failure to allege it in the complaint is not a fatal defect: Lawhead v. Cornell, 86 D. & C. 302, 308 (1953). As the personal representative is a nonresident, plaintiff is entitled to and has, in fact, effected service in accordance with the provisions of section 3157(b)

of the Probate, Estates and Fiduciaries Code, 20 PS §3157(b), which states:

"(b) Power of Attorney—*If a personal representative is* or becomes *a nonresident* of the Commonwealth, the acceptance of his letters, or the act of becoming a nonresident, *as the case may be, shall constitute the Department of State his attorney-in-fact upon whom service of process and notices may be made as to all causes of action relating to the decedent or the administration of his estate.*" (Italics supplied.)

This section also is identical to the language of the statute repealed and replaced thereby. See 20 PS §320.307(b), except that in the latter "Secretary of the Commonwealth" is found in place of "Department of State." If case authority is needed, see Shindler v. Wright, supra, at page 16; Croll & Keck, Inc. v. Landy, 3 D. & C. 2d 513, 515 (1954).

As an aside, defendant appears to take the position that by reason of the use of this section for the service of process this is a further indication that jurisdiction should be in the orphans' court. We have already disposed of this contention, but will merely add that the section of the statute under consideration deals not only with the administration of the decedent's estate but with "all causes of action relating to the decedent." We, therefore, find that this section when coupled with Pennsylvania Rule of Civil Procedure 2077(a)(1), which provides that when "the laws of this Commonwealth authorize service of process upon a non-resident," service shall proceed as provided in Pa.R.C.P. 2079. Service of process was obtained as prescribed by that latter rule.

Therefore, in accordance with all of the above, we enter the following

ORDER

And now, October 25, 1973, the preliminary objec-

tions of defendant, Simon B. Van Wagenen, Jr., as personal representative and executor of the Estate of Dr. S. B. Van Wagenen, to plaintiff's complaint are overruled and dismissed. Defendant is granted leave to file an answer to the complaint within 20 days of the date hereof.